ORDER DIRECTING STATE TO RESPOND TO PETITION FOR BELATED APPEAL

Calvin D. Swain petitions this court for a belated appeal from his judgment and sentence pursuant to Florida Rule of Appellate Procedure 9.140®, contending under oath that he timely requested trial counsel to file a notice of appeal and that counsel failed to do so. We order the State to respond to this allegation.
Beginning in January 1997, the effective date of Rule 9.140® and the return of jurisdiction to district courts to consider claims of this variety, this court, when reviewing a petition for a belated appeal involving this variety of allegation, entered an order directed to petitioner’s trial counsel that read:
Attorney _ shall file a response within twenty days to the petition, confined to the allegation that petitioner requested the attorney to file a notice of appeal. Petitioner’s allegation of counsel’s failure to do so waives any attorney-client privilege associated with discussions, or lack of same, regarding the filing of a notice of appeal.
Language in State v. Trowell, 739 So.2d 77 (Fla.1999), dissuades this court from continuing this course of action. The concluding substantive paragraph of Trowell reads:
In conclusion, we hold that the appellate court should grant a petition seeking a belated appeal if the defendant alleges that a timely request of counsel to file the notice of appeal was made and that counsel failed to do so. If the State raises a good faith basis to dispute the defendant’s claims through affidavit or specific contrary allegations, the appellate court may order an evidentiary hearing in the trial court to determine the limited disputed issues of fact.
Trowell, 739 So.2d at 81 (footnote and citations omitted).
The first sentence of the foregoing paragraph appears to hold that a facially sufficient petition for belated appeal should be granted by a district court without regard to the truthfulness of the allegations by the petitioner. We read it, however, in conjunction with the balance of the paragraph, to allow district courts to solicit responses from the State in all such proceedings, thus enabling the State to inquire of defense counsel if there is a basis upon which to contest the allegations in the petition. See Walker v. State, 742 So.2d 342 (Fla. 3d DCA 1999). Due pro *593 cess demands that the State has the same opportunity as does a criminal defendant to participate in proceedings involving disputed factual issues between counsel and a former client. See, e.g., Steele v. Kehoe, 24 Fla. L. Weekly S237, — So.2d -, 1999 WL 343071 (Fla. May 27, 1999) (holding that due process requires the provision of a hearing to a prisoner who asserts that counsel failed to file a postconviction motion upon timely request). Moreover, petitioner’s counsel deserves an opportunity to respond to allegations of ineffectiveness or neglect.
Should contested factual issues arise as a result of this process, the Committee Notes to Rule 9.140(j) provide, in part: “In the rare case where entitlement to belated appeal depends on a determination of disputed facts, the appellate court may appoint a commissioner to make a report and recommendation.”[1] Fla. R.App. P. 9.140(j) Committee Notes (1996).
We are confident that involving the State in these proceedings by soliciting regular responses to petitions comports with due process and complies with the supreme court’s opinion in Trowell. Nevertheless, we publish this order to express our reservations that this process dis-serves both the fact-finding process and the economy of state resources. The protocol this court established in 1997 to solicit responses directly from former defense counsel has two distinct advantages over requiring the involvement of the Attorney General, without bearing on the State’s right to be heard. First, it relieves the State of the time-consuming task of contacting former counsel for the petitioner, discussing the matter, and preparing and submitting an affidavit from counsel if the allegations of the petition do not comport 'with the recollections of the attorney. Second, and more importantly, this court’s former practice insures responses from counsel who may be understandably reluctant to position themselves in opposition to former clients and to divulge information that at least at one time had the protection of the attorney-client privilege. Many, if not most, practicing criminal defense attorneys would decline invitations extended to them by the State to refute former clients’ claims when to do so would invariably compromise either the former clients’ interest or their own, in the latter case by admitting per se ineffectiveness of counsel and disclosing information that may be arguably privileged.
On the other hand, an order entered by a district court directed to trial counsel that specifically declares the privilege to have been waived, and by its nature involves a compulsion that an invitation from the State does not, unfailingly evokes a substantive response of some kind from counsel, and quickly assists the district court in deciding whether the appointment of a commissioner is necessary to resolve factual disagreements.
We do not read Trowell to permit the continued use of this process that this court has found to be effective and efficient. Therefore, we direct the Attorney *594 General to file a supplemental response[2] to the petition within twenty days directed specifically to its ability to refute the allegation in the petition that Swain timely requested counsel to file a notice of appeal and that counsel failed to abide by that instruction.
We certify to the Supreme Court of Florida the following question of great public importance:
IN LIGHT OF STATE v. TROWELL, 739 SO. 2D 77 (FLA.1999), MAY A DISTRICT COURT OF APPEAL SOLICIT A RESPONSE DIRECTLY FROM TRIAL COUNSEL TO A PETITION FOR BELATED APPEAL BASED UPON AN ALLEGATION THAT PETITIONER TIMELY REQUESTED TRIAL COUNSEL TO APPEAL A JUDGMENT AND SENTENCE AND THAT COUNSEL FAILED TO COMPLY WITH THAT REQUEST?
CAMPBELL, A.C.J., and THREADGILL and STRINGER, JJ., Concur.

. This court observes that disputes between former clients and defense counsel in these proceedings pertaining to conversations about filing a notice of appeal are not rare at all. This should come as no surprise. Most petitions for belated appeal are filed by prisoners months after an alleged transgression of defense counsel, which may raise some suspicion about the candor of the allegation that counsel disregarded the client's instruction; and concessions by attorneys admitting to accusations in petitions constitute per se ineffectiveness of counsel. See State v. Trowell, 739 So.2d 77, 79 (Fla.1999) (relying upon State v. Meyer, 430 So.2d 440, 443 (Fla.1983)). It is not uncommon for attorneys to equivocate and express uncertainty about the precise details of a petitioner’s claim. Seldom, however, have attorneys responding to petitions in this court matter-of-factly admitted that they disregarded, or overlooked, a timely request to appeal. This, too, should come as no surprise. Filing a notice of appeal upon request is a task that even the most unexceptional attorneys generally perform reflexively. Since 1997, this court has regularly appointed circuit court judges to act as commissioners to resolve these common factual disagreements.

. Initially, this court had ordered the State to respond to other elements of the claim, with specific direction to defer contacting trial counsel.