W. SHARP, J.
Cannon seeks a belated appeal of the trial court’s order which denied his post conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Based on the response filed by the state in this case, it appears that Cannon received the court’s summary denial of his motion at a time far in excess of the time within which to file an appeal, because he failed to provide the court with a return address. Thus, no state action was involved in his loss of his appeal rights, and a belated appeal is not appropriate. See Baggett v. Wainwright, 229 So.2d 239 (Fla.1969); Latimore v. State, 696 So.2d 1290 (Fla. 4th DCA 1997).
We note that Cannon’s motion raised a potentially viable Heggs[1] issue, which the trial court incorrectly denied on the ground that Cannon’s sentence did not exceed the statutory maximum. However, the motion failed to allege the date of Cannon’s offense, which is essential in order to determine whether his case falls within the window period of unconstitutionality.[2]
Accordingly, we deny Cannon’s petition for habeas corpus, without prejudice to his filing in the trial court a facially sufficient motion pursuant to Florida Rule of Criminal Procedure 3.800(a), or pursuant to Florida Rule of Criminal Procedure 3.850, if appropriate.
Petition for Writ of Habeas Corpus DENIED.
SAWAYA and PLEUS, JJ., concur.

. Heggs v. State, 759 So.2d 620 (Fla.2000).

. See Trapp v. State, 760 So.2d 924 (Fla.2000).