843 So.2d 930 (2003)
Taronn Kenard BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3069.
District Court of Appeal of Florida, Third District.
March 26, 2003.
Certification Denied May 7, 2003.
*931 Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before COPE, LEVY and SHEVIN, JJ.
PER CURIAM.
Teronn Kenard Brown appeals his conviction and sentence for second degree murder. We affirm.
Defendant-appellant Brown argues that the evidence was legally insufficient to convict him. We conclude that the motion for judgment of acquittal was properly denied, and affirm the conviction on authority of Orme v. State, 677 So.2d 258 (Fla.1996), and Owen v. State, 432 So.2d 579 (Fla. 2d DCA 1983).
The defendant argues that there is a sentencing error. The trial court sentenced the defendant to life imprisonment as a habitual felony offender, with a mandatory minimum term of life imprisonment under the ten-twenty-life law.
The defendant argues that a mandatory minimum term of life is not an authorized sentence under the ten-twenty-life statute. The statute provides, in part, that any person who is convicted of an enumerated felony (which includes murder) "and during the course of the commission of the felony such person discharged a `firearm'... and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(2)(a)3., Fla. Stat. (1999) (emphasis added).[1]
The defendant argues that under the quoted language, the court may impose a life sentence, but not a mandatory minimum sentence of life. We disagree.
When the ten-twenty-life statute is read as a whole, the statute expressly characterizes these sentences as mandatory minimum terms of imprisonment. Id. § 775.087(2)(c). Further, one of the whereas clauses that was part of the ten-twenty-life Act stated, "it is the intent of the Legislature that criminals who use guns to commit violent crimes be vigorous prosecuted and that the state demand that minimum mandatory terms of imprisonment be imposed pursuant to this act...." Ch. 99-12, at 537, Laws of Fla. (emphasis added). It follows that it was permissible for the trial court to impose a sentence of life imprisonment with a mandatory minimum *932 sentence of life.[2]
Affirmed.
NOTES
[1] The crime date was March 30, 2000.
[2] Since there is no parole from a life sentence, see Lewis v. State, 625 So.2d 102, 103 (Fla. 1st DCA 1993), it makes no practical difference at the present time whether the life sentence is accompanied by a mandatory minimum sentence of life.

If in the future, however, the legislature should decide to change the law to allow parole or some form of conditional release on a life sentence, then the mandatory minimum term of life imprisonment would presumably operate to preclude any such release.