896 So.2d 875 (2005)
Mulazim M. YASIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3600.
District Court of Appeal of Florida, Fifth District.
February 25, 2005.
Mulazim Yasin, Bonifay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Appellant, Mulazim M. Yasin, was sentenced to a minimum mandatory term of 25 years in prison, followed by 20 years probation, for the first degree felony of attempted second degree murder with a firearm. He filed a rule 3.800(a) motion, arguing that his sentence exceeds the 30 year statutory maximum for a first degree felony. However, the trial court held that the sentence was authorized under section 775.087(2)(a)3, Florida Statutes, because the jury found that appellant had discharged a firearm, causing great bodily harm.
Section 775.087(2)(a)3, Florida Statutes, provides that any person convicted of a designated felony who discharged a firearm, resulting in death or great bodily harm, "shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." The trial court reasoned that the statute created a new statutory maximum of life and concluded that appellant's combined sentence of 45 years did not exceed that statutory maximum.
*876 However, section 775.087(2)(b), Florida Statutes, explains that the quoted provision does not prevent a court from imposing a longer sentence of incarceration "as authorized by law in addition to the minimum mandatory sentence." Also, section 775.087(2)(c), Florida Statutes, states that if the minimum mandatory term under this section exceeds the maximum sentence authorized by sections 775.082, 775.084 or the Criminal Punishment Code, then the mandatory minimum sentence must be imposed, but if the minimum mandatory term under this section is less than the sentence authorized under sections 775.082, 775.084 or the Criminal Punishment Code, then the sentence imposed "must include the mandatory minimum term of imprisonment as required in this section."
Therefore, the statute reaffirms that the statutory maximum is the greater of either the minimum mandatory term under this section, which is 25 years, or the statutory maximum under section 775.082, which is 30 years in this case, or the maximum authorized by the habitual offender statute or the Criminal Punishment Code. Accordingly, section 775.087 clearly establishes a minimum mandatory term of 25 years. It does not change the statutory maximum for all of the affected offenses to life when a weapon is discharged and causes death or great bodily harm.
The state relies on Brazill v. State, 845 So.2d 282 (Fla. 4th DCA 2003), which affirmed a 28 year sentence under section 775.087(2)(a)3 for second degree murder. Although the court in Brazill stated that the section established a range of 25 years to life, the court also explained that the minimum term under the statute was 25 years. The statutory maximum sentence for second degree murder is life, so the sentence imposed in Brazill was clearly legal and the case does not support the state's position that the statutory maximum term in this case was life.
Although in State v. Parker, 812 So.2d 495 (Fla. 4th DCA 2002), the defendant was convicted of attempted second degree murder and sentenced to a minimum mandatory term of 25 years under this statute, to be followed by 15 years probation, there was no discussion in that case of the applicable statutory maximum and the court did not address the legality of the sentence. Without further facts, it is impossible to determine whether the sentence in that case was a legal sentence on other grounds, such as under the habitual felony offender statute.
The combined sentence imposed by the trial court in this case exceeds the statutory maximum under section 775.082, Florida Statutes, and therefore it is illegal. Accordingly, we reverse the trial court's order and remand the case for imposition of a legal sentence.
REVERSED and REMANDED.
MONACO, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring.
I agree with the outcome of the majority, but write to offer a slightly different analysis. The question is whether section 775.087(2)(a)3., Florida Statutes (the "10/20/life" statute), will permit a twenty-five year mandatory minimum prison sentence with an additional twenty years of probation to follow where the statutory maximum prison sentence for the offense is capped at thirty years under section 775.082.
The trial court reasoned the sentence it imposed was authorized by statute because section 775.087(2)(a)3. allows for a sentence of not less than twenty-five years and not more than life. The statute provides:

*877 Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as defined in s.790.001, and as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
Id. (emphasis supplied). Although the trial court recognized that a combined sentence of incarceration and probation cannot exceed the statutory maximum, it reasoned that section 775.087(2)(a)3. inflated the statutory maximum to life in prison, and thus forty-five years was not an impermissible sentence. I think the trial judge's mistake was in viewing the statute as creating an inflated statutory maximum, whereas, in fact, what the legislature did was to authorize inflation of the statutory minimum mandatory sentence.
In Brown v. State, 843 So.2d 930 (Fla. 3d DCA 2003), the court allowed a mandatory minimum term of life in prison to be imposed under section 775.087(2)(a)3. The defendant argued that the court could impose a life sentence but not a mandatory minimum sentence of life in prison. The court disagreed, holding that "when the ten-twenty-life statute is read as a whole, the statute expressly characterizes these sentences as mandatory minimum terms of imprisonment." Id. at 931.
In Brazill v. State, 845 So.2d 282 (Fla. 4th DCA 2003), the court affirmed a twenty-eight year mandatory minimum sentence for the crime of second-degree murder, stating that:
A plain reading of section 775.087(2)(a)3. indicates that the minimum term that may be imposed ranges from twenty-five years to life imprisonment. The precise length of the mandatory minimum is a discretionary sentencing decision of the trial court.
Id. at 292; see also State v. Waldron, 835 So.2d 1217, 1218 (Fla. 5th DCA 2003).
Section 775.087(2)(c), Florida Statutes, provides:
If the mandatory minimum terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by section 775.082, section 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed. If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by section 775.082, section 775.084, or the criminal Punishment Code under chapter 921, then the sentence imposed must include the mandatory minimum as required by this section. (emphasis supplied).
This provision shows that the "10/20/life" statutory scheme contemplates that the sentence authorized under "10/20/life" may conflict with other statutory provisions and specifically provides that the mandatory minimum sentence must be imposed whether it is less than or greater than the statutory maximum. Therefore, it appears that the intent of the statute is to give the trial judge discretion to inflate the mandatory minimum term of incarceration but not to re-define the statutory maximum. A trial judge could impose a mandatory minimum prison sentence of more than the statutory maximum, but the imposition of probation beyond the statutory maximum would not be lawful. If I read these statutes correctly, the trial court could have *878 imposed a forty-five year minimum mandatory term of incarceration but not a minimum mandatory of twenty-five years of incarceration plus twenty years of probation.