922 So.2d 247 (2006)
Bradley E. DALZELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-3768.
District Court of Appeal of Florida, Fifth District.
January 20, 2006.
Rehearing Denied March 8, 2006.
Bradley E. Dalzell, Wewahitchka, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent.
THOMPSON, J.
Bradley E. Dalzell seeks a belated appeal of his judgment and sentence pursuant to Florida Rule of Appellate Procedure *248 9.141(c). Dalzell argues that he is entitled to a belated appeal because he requested and relied on counsel to file the notice of appeal, but the notice was not filed. Concluding that the petition is legally sufficient and that the State failed to dispute its allegations, we grant Dalzell's petition for belated appeal.
Dalzell was convicted on 15 November 2004 and sentenced to six years' incarceration. In his pro se petition, he claims that the court informed him at sentencing that he had 30 days to appeal. At that time, Dalzell asked counsel "repeatedly" about filing the notice of appeal, but counsel failed to do so.
On 9 November 2005, this court issued a show cause order requesting that the State respond. The procedure in this court has been that when the order is filed, the State contacts trial counsel to obtain his or her version of what transpired in order to file a written response. This time, however, the State submitted that conversations between a trial lawyer and his client relevant to ineffective assistance of counsel are not protected by the attorney-client privilege. Reed v. State, 640 So.2d 1094 (Fla.1994). Therefore, this court may order trial counsel to respond and thereafter decide whether to grant a belated appeal or order an evidentiary hearing. The procedure the State advocates was discussed and abandoned in Swain v. Moore, 744 So.2d 592 (Fla. 2d DCA 1999). There, the Second District discussed whether the district court or the State should directly contact a criminal defense lawyer concerning a former client's allegations in a petition for belated appeal. Id. at 593. Expressing some reservations, the court, citing State v. Trowell, 739 So.2d 77 (Fla.1999), held that an appellate court should not order trial counsel to respond to a rule to show cause. Instead, the Second District ordered the attorney general to respond. Swain, 744 So.2d at 593-94.
In a belated appeal proceeding, if a petitioner files a legally sufficient petition, the burden shifts to the State to specifically dispute petitioner's allegations before it can request the appointment of a special commissioner to conduct an evidentiary hearing. See Trowell, 739 So.2d at 81; Denson v. State, 710 So.2d 144, 145 (Fla. 5th DCA 1998). In the response filed in this case, the assistant attorney general neither disputed petitioner's allegations nor requested the appointment of a special commissioner. The State only requested this court take whatever action it deemed appropriate with regard to the petition. We interpret the State's response to mean that it does not contest the allegations in the petition for belated appeal. Thus, we grant Dalzell's petition for belated appeal and, a copy of the opinion will be provided to the clerk of the circuit court to be treated as a notice of appeal. Fla. R.App. P. 9.141(c)(5)(D).
Accordingly, the petition for belated appeal is GRANTED.
SHARP, W. and ORFINGER, JJ., concur.