935 So.2d 1243 (2006)
Ivan IZQUIERDO, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-2151.
District Court of Appeal of Florida, Fifth District.
August 11, 2006.
*1244 Ivan Izquierdo, Crawfordville, Pro Se.
No Appearance for Respondent.
ORFINGER, J.
Ivan Izquierdo seeks a belated appeal of the summary denial of his motion for postconviction relief. Because his request is both substantively and legally insufficient, we deny it.
Florida Rule of Appellate Procedure 9.140(b)(3) and Florida Rule of Criminal Procedure 3.850(g) both provide that a defendant has thirty days to file an appeal of the denial of a postconviction motion. Mr. Izquierdo ignores those provisions, and, instead, points to rule 9.141, which explains the proper review procedure for postconviction appeals. Specifically, rule 9.141(b)(2) governs the summary denial of rule 3.850 motions without an evidentiary hearing, and provides in relevant part:
(b) Appeals from Post-Conviction Proceedings Under Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853.
....
(2) Summary Grant or Denial of Motion Without Evidentiary Hearing.
(A) When a motion for post-conviction relief under rule 3.800(a), 3.850, or 3.853 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall transmit to the court, as the record, copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.
Mr. Izquierdo maintains that this provision led him to believe that he had no duty to file a notice of appeal. Instead, he claims that he thought an appeal would be automatically filed, without any further action on his part. By itself, this error would require us to deny relief.
However, there are other problems with Mr. Izquierdo's filing. Mr. Izquierdo's request for a belated appeal is governed by Florida Rule of Appellate Procedure 9.141(c). Mr. Izquierdo's petition does not satisfy any of the requirements of *1245 rule 9.141(c)(3).[1] Further, rule 9.141(c)(5)(A) directs that "[t]he petitioner shall serve copies of the petition on the attorney general and state attorney." It is unclear in this case whether Mr. Izquierdo has done so as his petition does not include a certificate of service.
Admittedly, rule 9.141(c)(5)(B) allows for the amendment of a petition that fails to satisfy any provisions of this rule. However, this does not help Mr. Izquierdo. Accepting his allegations as true, he has not alleged a valid reason for obtaining a belated appeal. See Dalzell v. State, 922 So.2d 247 (Fla. 5th DCA 2006) (holding that in a belated appeal proceeding, only if a petitioner files a legally sufficient petition, does the burden shift to the state to specifically dispute his allegations). No state action caused his failure to timely appeal. See Thomas v. State, 905 So.2d 1037, 1037-38 (Fla. 5th DCA 2005) (recognizing that state action may facilitate belated appeal); see also Latimore v. State, 696 So.2d 1290 (Fla. 4th DCA 1997) (holding that defendant was entitled to belated appeal because his right to appeal had been frustrated by circuit court clerk's "state action").
There is no constitutional right to a belated appeal of the denial of a postconviction motion. Therefore, a collateral defendant's own failure to comply with the rules can result in his losing his right to appeal. See Cannon v. State, 763 So.2d 1289 (Fla. 5th DCA 2000) (finding that it was defendant's fault that he did not timely appeal, and, therefore, as no state action was involved in his loss of his appeal rights, belated appeal was not appropriate).
PETITION FOR BELATED APPEAL DENIED.
PLEUS, C.J. and MONACO, J., concur.
NOTES
[1] Rule 9.141(c)(3) has the following requirements:

(3) Contents. The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts
(A) the date and nature of the lower tribunal's order sought to be reviewed;
(B) the name of the lower tribunal rendering the order;
(C) the nature, disposition, and dates of all previous proceedings in the lower tribunal and, if any, in appellate courts;
(D) if a previous petition was filed, the reason the claim in the present petition was not raised previously;
(E) the nature of the relief sought; and
(F) the specific acts sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal.