983 So.2d 706 (2008)
Dave BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-4359.
District Court of Appeal of Florida, Fifth District.
June 6, 2008.
*707 Dave Brown, South Bay, pro se.
Bill McCollum, Attorney General, Tallahassee and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Dave Brown appeals the order denying his postconviction motion, which was filed pursuant to rule 3.850 or alternatively, rule 3.800(a), Florida Rules of Criminal Procedure. Brown seeks correction of his sentence for attempted second-degree murder with a firearm, which he claims exceeds the statutory maximum penalty. We agree and reverse.
Brown was initially charged with attempted first-degree murder with a firearm. He went to trial, and the jury found him guilty of the lesser included offense of attempted second-degree murder with a firearm. The jury also found by special verdict that Brown discharged a firearm during the course of the crime and, as a result of the discharge, great bodily harm was inflicted on the victim. He received a split sentence of 35 years' incarceration with a 25-year minimum mandatory term pursuant to section 775.087(2), Florida Statutes (2001) (the 10-20-life statute), and 10 years of probation.
Brown's conviction was reclassified from a second-degree felony to a first-degree felony as a result of the firearm element, pursuant to section 775.087(1), Florida Statutes (2001). Brown asserts that his split sentence of 35 years' incarceration followed by 10 years of probation exceeds the statutory maximum penalty of 30 years' incarceration for a first-degree felony. See § 775.082(3)(b), Fla. Stat. (2001).
Because the jury found that Brown's discharge of a firearm resulted in great bodily harm, the minimum mandatory range under section 775.087(2) was 25 years to life imprisonment. See § 775.087(2)(a)3., Fla. Stat. (2001). The trial court did not impose a minimum mandatory term of 45 years, but a split sentence totaling 45 years, with a 25-year minimum mandatory term. Once the trial court imposed a minimum mandatory term of 25 years, it could not exceed the 30-year maximum penalty for a first-degree felony under section 775.082. The 25-year to life minimum mandatory range under section 775.087(2)(a)3. does not create a new statutory maximum penalty of life imprisonment. See Yasin v. State, 896 So.2d 875 (Fla. 5th DCA 2005). Because Brown's sentence exceeds the statutory maximum, the order denying relief is reversed, and the case is remanded to the trial court for correction of the sentence.
REVERSED and REMANDED.
SAWAYA, MONACO, and TORPY, JJ., concur.