999 So.2d 665 (2008)
Charles MENDENHALL, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
Nos. 5D07-1059, 5D07-3616.
District Court of Appeal of Florida, Fifth District.
December 5, 2008.
Rehearing Denied January 28, 2009.
*666 James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant/Cross-Appellee.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
PALMER, C.J.
Charles Mendenhall (defendant) appeals his sentence of 30 years' imprisonment, with a 25-year mandatory minimum, which was imposed by the trial court pursuant to the grant of the defendant's rule 3.800 motion to correct illegal sentence.[1] The State cross-appeals contending that the trial court's original sentence of 35 years' imprisonment, with a 35-year mandatory minimum, was legal and, accordingly, the trial court erred in granting the defendant's motion to correct illegal sentence. Determining that the defendant's direct appeal lacks merit but that the State's cross-appeal possesses merit, we reverse the defendant's sentence and remand for reinstatement of his original sentence.
The defendant was charged with committing one count of attempted first degree murder with a firearm, a life felony. At the conclusion of the trial, the jury found the defendant guilty of the lesser included offense of attempted second degree murder with a firearm, a second degree felony. The jury also returned three special verdicts finding that, during the commission of the offense, the defendant: (1) was in possession of a firearm, (2) discharged a firearm, and (3) inflicted serious bodily injury by discharging the firearm.
The trial court entered judgment in accordance with the jury's verdict and sentenced the defendant, pursuant to Florida's 10/20/Life statute[2], to a term of 35 years' imprisonment, with a 35-year mandatory minimum. The defendant thereafter filed a motion to correct a sentencing error asserting that his sentence was illegal because: (1) under Florida's 10/20/Life statute the maximum sentence for a second degree felony was 30 years with a 25-year mandatory minimum, and (2) the jury failed to return the proper verdict for the imposition of a 25-year mandatory minimum because the jury did not specifically find that "death or great bodily harm was inflicted."
The trial court granted the defendant's motion in part and denied it in part. In granting part of the motion, the trial court concluded that it was required to reduce the defendant's sentence to a term of 30 years' imprisonment, with a 25-year mandatory minimum. The trial court denied defendant's motion on the basis of his argument that the jury failed to return a specific verdict finding great bodily harm.
On appeal, the defendant argues that he was illegally sentenced to a minimum mandatory sentence under Florida's 10/20/Life statute because the jury did not make a finding that "death or great bodily harm was inflicted on any person." The *667 State responds by claiming that the trial court properly concluded that the jury's use of the term "serious bodily injury" was synonymous with "great bodily harm" and, thus, application of Florida's 10/20/Life statute was proper. We agree with the State.
Florida's 10/20/Life statute provides, in relevant part:
775.057 Possession in use of weapon; aggravated battery; felony reclassification; minimum sentence.
* * *
[2(a)3.] Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q.[including murder] . . . and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" . . . and, as a result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
§ 775.087(2)(a)3, Fla. Stat. (2004)(emphasis added). The jury made a specific finding that the defendant inflicted serious bodily injury during the commission of this crime. There is no significant difference between the terms "great bodily harm" and "serious bodily injury." Accordingly, the trial court did not err in enhancing the defendant's sentence pursuant to the terms of the statute and the jury's finding.
On cross-appeal, the State challenges the defendant's reduced sentence, arguing that the trial court erred when it interpreted section 775.087 of the Florida Statutes as prohibiting it from imposing a sentence in excess of 30 years and a mandatory minimum in excess of 25 years. We agree. Our review of cases which have similar facts to those presented here leads us to conclude that the trial court's original sentence of 35 years' imprisonment, with a 35-year mandatory minimum, was legal.
Pertinent parts of section 775.087 of the Florida Statutes provide as follows:
775.087. Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
* * *
(b) In the case of a felony of the second degree, to a felony of the first degree.
* * *
(2)(a) 1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
a. Murder;
* * *
3. Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as defined in s. 790.001 and, as the result of the discharge, death or *668 great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
* * *
(c) If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed. If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.
§ 775.087(1)(b),(2)(a)1.a.3.,(2)(c), Fla. Stat. (2004)(emphasis added).
In Sanders v. State, 944 So.2d 203 (Fla. 2006), our Supreme Court affirmed a defendant's life sentence under factual circumstances similar to those presented sub judice. In that case, the defendant appealed his conviction arguing that it was fundamental error to list attempted second-degree murder while discharging a firearm and inflicting great bodily harm on the verdict form as a lesser offense to attempted first-degree murder while discharging a firearm and inflicting great bodily harm. The case was presented to the Supreme Court for review from the Second District Court of Appeal. On direct appeal, in dicta, the Second District had included the following paragraph in its opinion:
Although attempted second-degree murder with a firearm is a first-degree felony for which the usual maximum penalty is thirty years' imprisonment, the minimum mandatory sentence when the firearm is discharged inflicting great bodily harm is a term no less than twenty-five years and no more than life. Thus, at the sentencing hearing, the trial court had discretion to impose a sentence between twenty-five years' imprisonment and life imprisonment. The trial court determined that Mr. Sanders was eligible for a habitual offender sentence if the court elected to use that sentencing method. Mr. Sanders' attorney argued vigorously for a sentence at the bottom of the minimum mandatory range. However, Mr. Sanders had already committed earlier offenses involving a firearm. Moreover, the evidence at trial indicated that Mr. Sanders had fired more than one shot in an area with many bystanders. Accordingly, the trial court exercised its discretion to impose a sentence of life imprisonment under the 10-20-life statute.
Sanders v. State, 912 So.2d 1286, 1288 (Fla. 2d DCA 2005). Importantly, upon review, our Supreme Court affirmed the Second District's opinion regarding their analysis of the penalty for a lesser included offense and, in dicta, the Court made the following observation:
The maximum sentence for the core offense of attempted first-degree murder is thirty years, while the sentence for attempted second-degree murder without any enhancements is fifteen years. However, with the application of the ten-twenty-life statute, the resulting maximum sentence for both attempted first- and second-degree murder while discharging a firearm and inflicting great bodily harm is the samelife.
Sanders v. State, 944 So.2d 203, 205 (Fla. 2006).
*669 Additional support for our conclusion that the trial court's original sentence was proper is found in our recent opinion in Brown v. State, 983 So.2d 706 (Fla. 5th DCA 2008). In Brown, we recognized that the imposition of a mandatory minimum sentence in excess of the maximum penalty was indeed permissible based upon special findings such as those found in this case. Notably, in Brown, the panel cited to Yasin v. State, 896 So.2d 875 (Fla. 5th DCA 2005), wherein Judge Griffin explained, in her concurring opinion, that the intent of Florida's 10/20/Life statute is to "give the trial judge discretion to inflate the mandatory minimum term of incarceration but not to re-define the statutory maximums."
Accordingly, we affirm the defendant's judgment, but reverse his sentence and remand for re-imposition of the original sentence imposed in this matter.
Judgment AFFIRMED. Sentence REVERSED. Cause REMANDED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.800.
[2] See § 775.087, Fla. Stat. (2004).