LAWSON, J.
 

 James Ray Booth appeals his sentences on charges of third degree felony murder and aggravated assault with a firearm, alleging three errors. The State concedes error with respect to two of the issues raised. We reverse in part and affirm in part, and will address each issue in order, after explaining the two convictions and sentences.
 

 Convictions and Sentences Imposed
 

 Booth was convicted following a jury trial of third degree felony murder, which was enhanced from a second degree felony to a first degree felony based upon Booth’s use of a firearm pursuant to section 775.087(1), Florida Statutes (2006). The sentencing range was further enhanced to life based upon the trial court’s finding that Booth qualified as a habitual felony offender (“HFO”).
 
 See
 
 § 775.084(4)(a), Fla. Stat. (2006). Finally, Florida’s 10-20-life statute
 
 [1]
 
 also applied, based upon the jury’s finding that Booth “actually inflicted death to [the victim], as a result of discharging a firearm in his possession.” The trial court ultimately imposed a life sentence on this charge.
 

 With respect to the aggravated assault with a firearm charge, a third degree felony, the sentencing range was again enhanced (to ten years) based upon the trial court’s HFO finding. The trial court imposed a ten-year sentence on this charge, with a three-year minimum mandatory pursuant to section 775.087(2)(a)l., Florida Statutes. This sentence was imposed consecutively to the life sentence.
 

 Hale Issue
 

 Booth contends, and the State concedes, that the trial judge could not legally impose consecutive HFO sentences on crimes arising from the single criminal episode alleged in the indictment, citing to
 
 Hale v. State,
 
 630 So.2d 521 (Fla.1993). This concession was proper.
 
 See id.; Williams v. State,
 
 10 So.3d 1116 (Fla. 5th
 
 *1144
 
 DCA 2009). Therefore, we reverse as to this issue, with directions that the court impose the sentences concurrently on remand.
 

 Osorio Issue
 

 Next, Booth argues, and the State concedes, that Booth’s conviction for third degree felony murder could not be reclassified to a first degree felony for use of a firearm because the indictment and jury instructions made the firearm an essential element of the charge for which Booth was convicted, citing
 
 Osorio v. State,
 
 746 So.2d 490 (Fla. 2d DCA 1999). Again, this concession was proper. The felony underlying Booth’s murder conviction was aggravated assault with use of a firearm. Because Booth’s use of a firearm was an essential element of the offense, as charged and proven, the firearm reclassification was not available.
 
 Id.;
 
 § 775.087(1), Fla. Stat. (2006). This means that Booth’s sentencing documents should be corrected on remand to reflect the underlying third degree felony murder charge as a second degree felony with a maximum penalty of fifteen years. With the court’s HFO finding, the sentencing range doubled to thirty years on this charge.
 
 See
 
 § 775.084(4)(a)2., Fla. Stat. (2006).
 

 Mendenhall Issue
 

 Booth’s final argument is that he could not receive a life sentence on the third degree felony murder charge through application of the 10-20-life statute, section 775.087(2)(a), Florida Statutes. A panel of our court rejected this argument in
 
 Mendenhall v. State,
 
 999 So.2d 665 (Fla. 5th DCA 2008). However,
 
 Mendenhall
 
 is in conflict on this point with the en banc majority decision in
 
 Collazo v. State,
 
 966 So.2d 429 (Fla. 4th DCA 2007) and with three other Fourth District cases applying
 
 Collazo. See Johnson v. State,
 
 17 So.3d 847 (Fla. 4th DCA 2009);
 
 Thurston v. State,
 
 984 So.2d 1290 (Fla. 4th DCA 2008);
 
 Leary v. State,
 
 980 So.2d 622 (Fla. 4th DCA 2008).
 
 Mendenhall
 
 also conflicts with
 
 Sousa v. State,
 
 976 So.2d 639 (Fla. 2d DCA 2008) and
 
 Wilson v. State,
 
 898 So.2d 191 (Fla. 1st DCA 2005), and is currently being reviewed by the Florida Supreme Court.
 
 See Mendenhall v. State,
 
 No. SC09-400 (jurisdiction accepted July 27, 2009).
 

 We agree with the panel decision in
 
 Mendenhall,
 
 and with Judge Warner’s dissent in
 
 Collazo
 
 (joined by Judges Gunther and Polen), that the relevant provisions of section 775.087(2) are unambiguous and provide for a minimum mandatory sentence of twenty-five years to life, based upon discharge of a firearm resulting in death or great bodily harm to the victim during the course or commission of the underlying felony, irrespective of the maximum penalty on the underlying charge. Accordingly, we affirm the life sentence, applying
 
 Mendenhall,
 
 and certify conflict on this issue with
 
 Collazo, Johnson, Thur-ston, Leary, Sousa
 
 and
 
 Wilson.
 

 AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS; CONFLICT CERTIFIED.
 

 ORFINGER and JACOBUS, JJ., concur.
 

 [1]
 

 . § 775.087(2)(a), Fla. Stat. (2006).