PER CURIAM.
 

 In April 2007, petitioner Dayne Boothe was found guilty of attempted second-degree murder. The jury made express findings that Boothe discharged a firearm and that his victim suffered great bodily harm. Boothe is seeking belated appeals from two separate orders of the trial court. After due consideration, we grant one of Boothe’s requests for belated appeal and affirm his sentence.
 

 First, we deny Boothe’s January 6, 2010, “Petition for Belated Appeal,” which seeks review of the trial court’s order denying his August 3, 2009, motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Boothe is not entitled to a belated appeal because he failed to demonstrate that his failure to file a timely appeal was due to state action.
 
 See Izquierdo v. State,
 
 935 So.2d 1243, 1245 (Fla. 5th DCA 2006).
 

 Second, we treat Boothe’s December 17, 2009, “Motion for Postconviction Relief or Writ of Habeas Corpus 3.850(h),” as a petition for belated appeal because he seeks belated review of the trial court’s order of resentencing. We also note that rule 3.850(h) is not an appropriate avenue for seeking a belated appeal. Fla. R.App. P. 9.141(c). Having so ruled, we affirm the order of resentencing on the merits. It is by no means certain that Boothe was entitled to have his original sentence reduced at all,
 
 see
 
 sections 775.087(2)(a)3., (2)(b), Florida Statutes, and he clearly is not entitled to any further reduction.
 
 See Booth v. State,
 
 18 So.3d 1142 (Fla. 5th DCA 2009);
 
 Mendenhall v. State,
 
 999 So.2d 665 (Fla. 5th DCA 2008),
 
 rev. granted,
 
 26 So.3d 582 (Fla.2009).
 

 Accordingly, we deny the January 6, 2010, petition for belated appeal; grant the December 17, 2009, petition for belated appeal; and affirm the trial court’s resen-tencing order on the merits.
 

 ORIGINAL PETITION DENIED; PETITION AS TO RESENTENCING GRANTED; SENTENCE AFFIRMED.
 

 GRIFFIN, TORPY, and COHEN, JJ., concur.