EVANDER, J.
 

 Samuel Wooden appeals an order denying his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Wooden was convicted of attempted second degree murder with a firearm. The jury also found by special verdict that Wooden discharged a firearm during the commission of the crime and, as a result of the discharge, great bodily harm was inflicted on the victim. He was sentenced to fifty years imprisonment with a minimum mandatory term of twenty-five years. On appeal, he contends that the fifty year sentence exceeds the statutory penalty. We agree.
 

 Attempted second degree murder is a second degree felony.
 
 See
 
 §§ 782.04(2), 777.04(4)(c), Fla. Stat. (2006). If the offense is committed with a firearm, the crime is reclassified to a first degree felony pursuant to section 775.087(l)(b), subject to a sentence not to exceed thirty years.
 
 See
 
 § 775.082(3)(b), Fla. Stat. (2006).
 

 Because the jury found that Wooden’s discharge of a firearm resulted in great bodily harm, the minimum mandatory range under section 775.087(2)(a)(3) was twenty-five years to life imprisonment. However, once the trial court imposed the minimum mandatory sentence of twenty-five years, it could not exceed the thirty year maximum penalty for a first degree felony under section 775.082(3)(b).
 
 Brown v. State,
 
 983 So.2d 706 (Fla. 5th DCA 2008). The twenty-five year to life minimum mandatory range under section 775.087(2)(a)(3) does not create a new statutory maximum penalty of life imprisonment.
 
 See Broim; Yasin v. State,
 
 896 So.2d 875 (Fla. 5th DCA 2005).
 
 [1]
 

 On remand, the trial court is directed to correct Wooden’s sentence. Wooden does not need to be present for such proceeding.
 

 REVERSED and REMANDED.
 

 ORFINGER and TORPY JJ., concur.
 

 [1]
 

 . Contrary to the State's argument, our decision in
 
 Mendenhall v. State,
 
 999 So.2d 665 (Fla. 5th DCA 2008),
 
 rev. granted,
 
 26 So.3d 582 (Fla.2009) does not suggest a different result. In
 
 Mendenhall,
 
 we approved the imposition of a thirty-five year sentence on a first degree felony where the trial court also imposed a thirty-five year minimum mandatory sentence pursuant to section 775.087(2)(a)(3).