TORPY, J.
 

 Petitioner seeks a belated appeal based upon ineffective assistance of trial counsel. He alleges that his counsel gave him incorrect legal advice regarding the purported risk of an appeal, causing him to waive his right to appeal. We grant the petition.
 

 Petitioner alleges that, although charged and tried on more serious felony offenses, he was only convicted of a third-degree felony, a lesser-included offense of one of the charged offenses. When he inquired of counsel regarding the viability of an appeal, counsel erroneously informed him that should he prevail in the appeal of his conviction, he could be retried on the more serious charges. Based upon this erroneous advice of a potentially serious risk, Petitioner claims that he waived his right to appeal. He subsequently learned that his counsel’s advice was erroneous and sought timely relief through this proceeding.
 

 The State’s response makes no attempt to refute these factual allegations.
 
 [1]
 

 See Dalzell v. State,
 
 922 So.2d 247 (Fla. 5th DCA 2006) (State has burden to refute factual allegations to establish factual dispute for resolution by commissioner). Nor does the State refute the assertion that the purported advice was erroneous and, therefore, tantamount to ineffective assistance of counsel. Instead, the State makes a vague suggestion that Petitioner’s claim should be brought in a rule 3.850 proceeding. It offers no authority or logic for this suggestion, and it makes no attempt to distinguish
 
 Walker v. State,
 
 742 So.2d 342 (Fla. 3d DCA 1999), which Petitioner properly cited in his petition for the proposition that his claim is cognizable in a proceeding of this nature.
 
 See also Bab
 
 
 *542
 

 son v. Wainwright,
 
 376 So.2d 1187 (Fla. 5th DCA 1979) (cited by Petitioner in his reply). We cannot envision any legitimate justification for imposing this additional procedural hurdle with its concomitant delays and increased burden on judicial resources.
 

 Accordingly, we grant the petition. A copy of this opinion shall be filed in the lower court and treated as the Notice of Appeal from the judgment and sentence in lower court case number 2009-CF-009745-A-O, in the Circuit Court in and for Orange County, Florida.
 

 PETITION GRANTED.
 

 MONACO, C.J. and GRIFFIN, J., concur.
 

 [1]
 

 . We cannot tell from the State’s response whether it even attempted to contact trial counsel to verify whether the facts were as stated by Petitioner.