PALMER, J.
 

 Newton W. McLeod (defendant) appeals his judgments and sentences on three counts of attempted second degree murder (with a firearm); and one count each of shooting at, within, or into an occupied vehicle, and possession of more than 20 grams of cannabis. We affirm the defendant’s convictions, but reverse the sentence that was imposed on one count of attempted second degree murder.
 

 The State filed a seven count information charging the defendant with three counts of attempted first degree murder (with a firearm)
 
 [1]
 
 , two counts of aggravated battery (with a firearm)
 
 [2]
 
 , one count of shooting at, within, or into an occupied vehicle
 
 [3]
 
 , and one count of possession of more than 20 grams of cannabis.
 
 [4]
 
 The jury found the defendant guilty of the lesser included offense of attempted second degree murder with a firearm on count one, and found that the defendant actually possessed and discharged a firearm resulting in great bodily harm to the victim. The jury also found the defendant guilty of the lesser included offense of attempted second degree murder with a firearm on counts two and three, and guilty as charged on the remaining counts. The trial court adjudicated the defendant guilty on counts one, two, three, six, and seven; however, the trial court set aside the jury verdicts on counts four and five on double jeopardy grounds. Accordingly, the defendant was not sentenced on those counts. A later order by the trial court indicated that counts four and five were resolved “as they were merged with counts 1 and 2.” Relevant to this appeal, the defendant was sentenced to a term of life in prison with a mandatory minimum sentence of 25 years on count one.
 

 The defendant argues that the trial court erred by failing to act on counts four
 
 *786
 
 and five, and improperly concluded that the counts were merged with counts one and two. We disagree. The trial court did not adjudicate the defendant guilty of counts four and five, and the court expressly stated that the counts were set aside due to double jeopardy considerations. By setting aside the jury verdicts, the court vacated the verdicts on counts four and five.
 
 See Bolding v. State,
 
 28 So.3d 956, 957 (Fla. 1st DCA 2010).
 

 The defendant also argues that the sentence imposed for his conviction on count one, attempted second degree murder with a firearm, is illegal. He maintains that the maximum sentence that could be imposed on count one was 30 years’ incarceration because his conviction for attempted second degree murder, which is classified as a first degree felony under section 775.087(l)(b) of the Florida Statutes (2007), carries a maximum sentence of 30 years under section 775.082(3)(b) of the Florida Statutes (2007). We agree, concluding that this court’s holding in
 
 Wooden v. State,
 
 42 So.3d 837 (Fla. 5th DCA 2010), is controlling.
 

 In
 
 Wooden,
 
 the defendant was convicted of attempted second degree murder with a firearm, and was sentenced to 50 years’ imprisonment, with a mandatory minimum term of 25 years. We reversed and remanded the defendant’s sentence, holding as follows:
 

 Because the jury found that Wooden’s discharge of a firearm resulted in great bodily harm, the minimum mandatory range under section 775.087(2)(a)(3) was twenty-five years to life imprisonment. However, once the trial court imposed the minimum mandatory sentence of twenty-five years, it could not exceed the thirty year maximum penalty for a first degree felony under section 775.082(3)(b). The twenty-five year to life minimum mandatory range under section 775.087(2)(a)(3) does not create a new statutory maximum penalty of life imprisonment.
 

 Id.
 
 In a footnote, we further stated:
 

 Contrary to the State’s argument, our decision in
 
 Mendenhall v. State,
 
 999 So.2d 665 (Fla. 5th DCA 2008),
 
 rev. granted
 
 26 So.3d 582 (Fla.2009) does not suggest a different result. In
 
 Menden-hall,
 
 we approved the imposition of a thirty-five year sentence on a first degree felony where the trial court also imposed a thirty-five year minimum mandatory sentence pursuant to section 775.087(2)(a)(3).
 

 Id.
 
 at n. 1.
 

 Thus, under
 
 Wooden,
 
 the defendant’s life sentence improperly exceeds the 30 year maximum sentence allowed under section 775.802(3)(b). Therefore, the defendant’s sentence for count one must be reversed and this matter remanded for the trial court to correct the defendant’s sentence.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 TORPY and LAWSON, JJ., concur.
 

 [1]
 

 .
 
 See
 
 §§ 775.087(1), 775.087(2)(a)(2), 775.087(2)(a)(3), 777.04, 782.04, Fla. Stat. (2007).
 

 [2]
 

 .
 
 See
 
 §§ 775.087(2) & 784.045(l)(a)(2), Fla. Stat. (2007).
 

 [3]
 

 .
 
 See
 
 § 790.19, Fla. Stat. (2007).
 

 [4]
 

 .
 
 See
 
 § 893.13(6)(a), Fla. Stat. (2007).