PER CURIAM.
Carlos Martinez appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Martinez was found guilty of attempted second-degree murder with a firearm in count one[1] and was sentenced to life in prison with a twenty-five-year minimum mandatory. Martinez asserts that his conviction for attempted second-degree murder with a firearm, which was reclassified as a first-degree felony under section 775.087(l)(b), Florida Statutes (2007), is subject to a sentence not to exceed thirty years under section 775.082(3). We agree and reverse and remand for resentencing.
The postconviction court incorrectly found that Martinez’s sentence was legal because he was convicted of second-degree murder, a first-degree felony, and that the offense was reclassified as a life felony pursuant to section 775.087(l)(a). The information, judgment, sentence, and jury verdict attached to the postconviction court’s order demonstrate that Martinez was charged with and found guilty of attempted second-degree murder with a firearm, a second-degree felony. §§ 782.04(2), 777.04(4)(c), Fla. Stat. (2007). The offense was reclassified as a first-degree felony under section 775.087(l)(b), because the jury found that Martinez actually possessed and discharged a firearm during the commission of the offense, inflicting great bodily harm upon the victim.
Because the jury found that Martinez’s discharge of a firearm inflicted great bodily harm, it was within the trial court’s discretion under section 775.087(2)(a)(3) to impose a minimum mandatory from twenty-five years to life. See Mendenhall v. State, 48 So.3d 740, 742 (Fla.2010). However, “ ‘once the trial court imposed the minimum mandatory sentence of twenty-five years, it could not exceed the thirty-year maximum penalty for a first[-]degree felony under section 775.082(3)(b).’” McLeod v. State, 52 So.3d 784, 786 (Fla. 5th DCA 2010) (quoting Wooden v. State, 42 So.3d 837, 837 (Fla. 5th DCA 2010)) (reversing the defendant’s life sentence with a twenty-five-year minimum mandatory for attempted second-degree murder with a firearm because the sentence improperly exceeded the statutory maximum under section 775.082(3)(b)). Because the court imposed a twenty-five-year minimum mandatory term, Martinez’s life sentence impermissibly exceeds the thirty-year statutory maximum under section 775.082(3)(b) and is therefore illegal. See Sheppard v. State, 113 So.3d 148 (Fla. 2d DCA 2013).
Accordingly, we reverse the order of the postconviction court and remand for resen-tencing.
Reversed and remanded.
CASANUEYA, LaROSE, and CRENSHAW, JJ., Concur.

. Martinez was found guilty of three counts of attempted second-degree murder: counts one, two, and four. In counts two and four, the jury found that he possessed and discharged a firearm. He was sentenced on both counts to thirty years in prison with a twenty-year minimum mandatory term. Martinez challenges only the sentence imposed in count one.