PER CURIAM.
Darrias Smith appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence, wherein he argues that the life portion of his sentence for aggravated battery with a firearm is illegal because it exceeds the statutory maximum for that offense. We agree and reverse.
In 2008, Smith was found guilty by a jury of aggravated battery, with a special *853 finding that he caused death or great bodily harm by discharging a firearm. The trial court adjudicated him guilty of "aggravated battery with firearm while inflicting great bodily harm" pursuant to section 784.045(1)(a), Florida Statutes (2007).[1] He was sentenced to serve life in prison with a 25-year minimum mandatory term pursuant to the 10-20-Life statute. See § 775.087(2)(a)1.f., (2)(a)3., Fla. Stat. (2007). We conclude the life portion of his sentence was imposed in error.
Based on the jury's verdict, the minimum mandatory sentencing range permitted under section 775.087(2)(a)3., was 25 years to life imprisonment. Here, the trial court did not impose life as a minimum mandatory sentence, but rather 25 years. Thus, the non-mandatory life portion of his sentence is illegal because it exceeds the statutory maximum of 15 years for a second-degree felony. See §§ 775.082(3)(c), 784.045(2), Fla. Stat. (2007) ; Brown v. State, 983 So.2d 706, 707 (Fla. 5th DCA 2008) ("Once the trial court imposed a minimum mandatory term of 25 years, it could not exceed the 30-year maximum penalty for a first-degree felony under section 775.082. The 25-year to life minimum mandatory range under section 775.087(2)(a)3. [the 10-20-Life statute] does not create a new statutory maximum penalty of life imprisonment." (citing Yasin v. State, 896 So.2d 875 (Fla. 5th DCA 2005) ) ).
Accordingly, we reverse the order of the trial court, vacate the life portion of Smith's sentence, and remand for correction consistent with this opinion. See Brown, 983 So.2d at 707 ; see also Hatten v. State, 203 So.3d 142, 144-46 (Fla. 2016) ; Roberts v. State, 158 So.3d 618, 618 (Fla. 5th DCA 2013).
REVERSED and REMANDED.
BERGER, LAMBERT and GROSSHANS, JJ., concur.

It appears that the second-degree felony was not reclassified to a first-degree felony despite the special finding. See Johnson v. State, 149 So.3d 727, 728 (Fla. 5th DCA 2014) (explaining reclassification is improper where state charges aggravated battery in such a way that use of firearm is essential element).