# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

MATRON BRANQUINTON PAGE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1850

_____

March 25, 2026

Appeal from the Circuit Court for Pinellas County; Philip J. Federico, Judge.

Blair Allen, Public Defender, and Maura J. Kiefer, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Taylor A. Schell, Assistant Attorney General, Tampa, for Appellee.

NORTHCUTT, Judge.

Matron Branquinton Page appeals his convictions and sentences related to several charges arising from a drive-by shooting. We affirm all the convictions without comment. We also affirm all the sentences, save one. On count I, Page was given a life sentence for attempted second-degree murder enhanced by the use of a firearm. But the maximum punishment for that offense is thirty years in prison. *McLeod v. State*, 52

So. 3d 784, 786 (Fla. 5th DCA 2010). Therefore, we reverse the sentence on that count and remand for imposition of a legal sentence.

We also address another of Page's challenges to that sentence. He maintains that the circuit court erroneously imposed prison releasee reoffender (PRR) and violent felony offender (VFO) sentencing enhancements without jury findings about the existence and character of Page's prior convictions and sentences. Page asserts that such findings are mandated by *Erlinger v. United States*, 602 U.S. 821 (2024).

However, this court and others have addressed *Erlinger* and determined that alleged errors of this type are subject to harmless error analysis. *Flournoy v. State*, 415 So. 3d 806, 808 (Fla. 2d DCA 2025); *Avalos v. State*, 419 So. 3d 299, 300 (Fla. 6th DCA 2025); *Ashford v. State*, 407 So. 3d 537, 537 (Fla. 5th DCA 2025). Florida courts have uniformly held that if an alleged error under *Erlinger* is harmless, there is no need to reach the merits of the argument or the applicability of *Erlinger*.[1] *Flournoy*, 415 So. 3d at 808; *Avalos*, 419 So. 3d at 300; *Ashford*, 407 So. 3d at 537. That is the situation here.

At sentencing, the State detailed the prior convictions and sentences that established Page's eligibility for PRR and VFO sentencing, and it placed copies of the judgments and sentences before the court for its review. Page did not object to the State's evidence or challenge its sufficiency. *See Avalos*, 419 So. 3d at 300 (holding alleged *Erlinger* errors harmless when the defendant did not challenge the sufficiency of the evidence to support enhancement during sentencing). The record

---

[1] Relevant here, the Florida Supreme Court is currently reviewing *Maye v. State*, 368 So. 3d 531, 532 (Fla. 6th DCA 2023), in which the Sixth District held that "the date a defendant was released from prison or jail and the nature of the qualifying offense are ministerial in nature and thus do not require jury findings." *Id.*

here contains no hint of a reasonable doubt upon which a jury could have made findings that would have changed the outcome. Thus, any possible error under *Erlinger* is harmless.

We reverse Page's sentence on count I for attempted second-degree murder and direct the trial court to impose a lawful sentence. We affirm the judgment and sentences in all other respects.

Affirmed in part; reversed in part; remanded.


ROTHSTEIN-YOUAKIM, J., Concurs.
ATKINSON, J., Concurs in result only.

_____

Opinion subject to revision prior publication.