692 So.2d 978 (1997)
Kevin Paul GOUTIER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00068.
District Court of Appeal of Florida, Second District.
April 30, 1997.
PER CURIAM.
Kevin Goutier challenges the trial court's denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Because his sentence on one count exceeds the statutory maximum, we reverse.
Goutier alleges in his motion that attempted second-degree murder with a weapon is a second-degree felony and that the scoresheet improperly scored it as a first-degree felony. Goutier's classification of his offense is correct if the charge of second-degree murder is first enhanced by the weapon to a life felony and then reduced to a second-degree felony by application of the attempt statute. However, the crime must be determined before any enhancement due to the use of a weapon, which is strictly a sentencing technique, can be applied. By applying the attempt statute first, the crime of second-degree murder is reduced from a first-degree felony to the second-degree felony of attempted second-degree murder. Next, the enhancement statute is applied to reclassify the second-degree felony to a first-degree felony. Therefore, the offense was properly classified as a first-degree felony. See Baque v. State, 653 So.2d 1105 (Fla. 3d DCA 1995). We observe that the trial court erroneously justified *979 the classification by an analysis that relied on the facts adduced at the time the plea was entered rather than on the conviction actually obtained. Nevertheless, the trial court reached the correct result, albeit with an incorrect analysis.
The sentence imposed on this count, however, is illegal because it exceeds the statutory maximum of thirty years and is, therefore, subject to correction in a rule 3.800(a) proceeding. See Davis v. State, 661 So.2d 1193 (Fla.1995). The trial court sentenced Goutier to thirty years in prison, followed by ten years' probation. In a split sentence such as this one, the combined number of years of incarceration and probation cannot exceed the statutory maximum. Fla. R.Crim. P. 3.701(d)(12); Stephens v. State, 677 So.2d 1325 (Fla. 2d DCA 1996). Therefore, Goutier must be resentenced on this count.
Goutier also asserts that he was scored eighty victim-injury points in contravention of the dictates of Karchesky v. State, 591 So.2d 930 (Fla.1992). The factual basis recited at the time Goutier entered his guilty plea discloses that he burglarized a structure, committed two sexual batteries on his victim, and stabbed her with a screwdriver during the episode. Because these facts support a finding of physical injury sufficient to justify the assessment of points for moderate injury, the trial court properly denied this claim. See Fulkroad v. State, 640 So.2d 1160 (Fla. 2d DCA) (explaining that the terms of section 921.001, Florida Statutes (1992), do not apply retroactively and that evidence of physical injury may serve as the basis for injury points in circumstances where penetration alone will not), review denied, 649 So.2d 235 (Fla.1994).
Affirmed in part, reversed in part, and remanded for resentencing.
SCHOONOVER, A.C.J., and FULMER and NORTHCUTT, JJ., concur.