770 So.2d 300 (2000)
Manuel M. BADIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1716.
District Court of Appeal of Florida, Third District.
November 8, 2000.
Clayton R. Kaeiser, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before GERSTEN, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Appellant, Manuel M. Badia, challenges his convictions and sentences for second-degree murder, possession of a firearm by a convicted felon, and attempted second-degree murder of another victim. He was sentenced to forty years in prison with a three-year mandatory minimum component on the second-degree murder conviction, forty years with a three-year mandatory minimum component on the attempted second-degree murder conviction, and fifteen years on the possession charge, all sentences to run concurrently. Badia argues that he cannot be convicted of attempted second-degree murder as that is a non-existent crime, citing Brown v. State, 733 So.2d 598 (Fla. 5th DCA 1999), review granted, 744 So.2d 452 (Fla. 1999). The Florida Supreme Court and this Court have resolved this issue adversely to Badia's contentions. See Brown v. State, 25 Fla. L. Weekly S792, ___ So.2d ___, 2000 WL 1472598 (Fla. Oct. 5, 2000); Rivero v. State, 752 So.2d 1244 (Fla. 3d DCA 2000). Therefore, we affirm the attempted second-degree murder conviction.
The state, however, concedes error on Badia's alternative position that the sentence he received for the attempted second-degree murder conviction was illegal. The state acknowledges that attempted second-degree murder is a felony of the second degree, which can be reclassified upward to a felony of the first degree punishable for a maximum of thirty-years imprisonment. We therefore reverse the forty-year sentence imposed by the trial court on the attempted murder conviction and remand for resentencing on that conviction only. The other points raised by Badia are without merit.
Affirmed in part, reversed in part, and remanded.