FULMER, Judge.
Reginald Henry appeals his convictions and sentences for multiple offenses arising from his attack on several correctional officers on March 24, 2000. We affirm Henry’s convictions, with the correction of a scrivener’s error, but we reverse the pris *345 on releasee reoffender sentences and remand for resentencing.
Henry was convicted and sentenced as follows: for attempted second-degree murder with a deadly weapon, a first-degree felony under sections 782.04(2), 777.04, and 775.087(1), Florida Statutes (1999), thirty years in prison as a prison releasee reof-fender (PRR); for aggravated battery of a law enforcement officer, a first-degree felony under section 784.07(2)(d), Florida Statutes (1999), thirty years as a PRR; for aggravated assault on a law enforcement officer, a second-degree felony under section 784.07(2)(e), fifteen years as a PRR; for battery on a law enforcement officer, a third-degree felony under section 784.07(2)(b), five years; and for possession of contraband in a state correctional facility, a second-degree felony under section 944.47(l)(a), Florida Statutes (1999), five years. All sentences were concurrent.
Henry argues that the trial court erred by reclassifying his conviction for attempted second-degree murder from a second-degree felony to a first-degree felony based on the use of a weapon. Section 775.087(1) precludes reclassification when the use of a weapon was an essential element of the offense. Henry argues that the use of a weapon is an essential element of the crime charged because it was alleged in the information. This argument overlooks the fact that the use of a weapon was not an element until section 775.087 was triggered. Nothing in the pertinent statutes for attempted second-degree murder refers to the use of a weapon as an element of the offense. See § 782.04(2) (defining second-degree murder); § 777.04 (defining attempt); see also Goutier v. State, 692 So.2d 978 (Fla. 2d DCA 1997) (affirming classification of attempted second-degree murder with a weapon as a first-degree felony).
Although the attempted second-degree murder conviction was properly treated as a first-degree felony, the written judgment incorrectly noted it as a second-degree felony. On remand, this scrivener’s error should be corrected.
Henry makes essentially the same argument regarding reclassification of his conviction for aggravated battery from a second-degree felony to a first-degree felony based on the use of a weapon. But Henry overlooks the fact that this offense was not reclassified based on the use of a weapon; it was reclassified based on the fact that the victim was a law enforcement officer. See § 784.07(2)(d).
Henry next argues, and we agree, that the trial court erred by sentencing him as a PRR under the amendment to section 775.082(9)(a)(2), which made the statute applicable to a defendant who commits an offense while serving a prison sentence. As Henry argues, this court held that chapter 99-188, Laws of Florida, was an unconstitutional violation of the single subject rule, Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002), and that the reenacted provisions do not apply retroactively, Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003). Henry’s sentences were affected by the amendments. See ch. 99-188, § 2. His offense fell within the window period. See Green, 839 So.2d at 750 n. 1. And he has preserved the issue for appeal. See Fla. R.Crim. P. 3.800(b)(2). Therefore, we reverse the PRR sentences for attempted second-degree murder, aggravated battery, and aggravated assault.
As to Taylor, we certify conflict with State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003), review granted, No. SC03-413, 854 So.2d 659 (Fla. Sept. 19, 2003). As to Green, we certify conflict with Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002), *346 and Carlson v. State, 27 Fla. L. Weekly D2162, - So.2d -, 2002 WL 31202145 (Fla. 5th DCA 2002).
Affirmed in part; reversed in part; remanded for resentencing; conflicts certified.
CASANUEVA and CANADY, JJ., Concur.