898 So.2d 191 (2005)
Raynard WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1441.
District Court of Appeal of Florida, First District.
March 11, 2005.
*192 Appellant, pro se; Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this Anders appeal,[1] appellant's appointed appellate counsel represented to this court that counsel could not, in good faith, argue that reversible error occurred in the lower tribunal. Pursuant to the constitutional mandate of Anders and the instruction of the Florida Supreme Court in State v. Causey, 503 So.2d 321 (Fla.1987), we thereafter undertook an independent review of the record. Although we affirm the conviction, our review uncovered a sentencing error, which was not preserved by objection at sentencing or by motion to correct sentence.
After the jury returned a verdict of guilty for attempted second-degree murder, the trial court imposed a 45-year sentence, with a 25-year minimum mandatory sentence pursuant to section 775.087(2)(a)3, Florida Statutes (2003). Second-degree murder is a first-degree felony. See § 782.04(2), Fla. Stat. (2003). If the criminal offense attempted is a first-degree felony, the offense of criminal attempt is a second-degree felony. See § 777.04(4)(c), Fla. Stat. (2003). Attempted second-degree murder is thus a second-degree felony punishable by a maximum sentence of 15 years. If, as in the instant case, the offense is committed with a firearm, the crime is re-classified to a first-degree felony pursuant to section 775.087(1)(b), subject to an enhanced sentence not to exceed 30 years. See Miller v. State, 460 So.2d 373, 374 (Fla.1984); Henry v. State, 857 So.2d 344, 345 (Fla. 2d DCA 2003) (attempted second-degree murder is a second-degree felony, properly reclassified as a first-degree felony based on use of a weapon); Badia v. State, 770 So.2d 300 (Fla. 3d DCA 2000); Goutier v. State, 692 So.2d 978 (Fla. 2d DCA 1997); Harris v. State, 660 So.2d 409, 410 (Fla. 4th DCA 1995); Maynoldi v. State, 456 So.2d 587, 588 (Fla. 3d DCA 1984). Where the sentence imposed exceeds the 30-year maximum sentence for a first-degree felony, as outlined in section 775.082(3)(b), Florida Statutes (2003), it is subject to correction in a rule 3.800(a) proceeding. Goutier, 692 So.2d at 979. See also Badia, 770 So.2d at 300 (court reversed a 40-year sentence for attempted second-degree murder and remanded for re-sentencing).
Appellant is subject to a mandatory minimum sentence of 25 years pursuant to section 775.087(2)(a)3, Florida Statutes (2003), for discharge of a firearm resulting in death or great bodily harm. Notwithstanding the minimum mandatory term, the maximum sentence the trial court *193 properly may impose is a sentence of 30 years.
The sentencing error is fundamental, but it was not preserved by objection at sentencing or by filing a motion to correct illegal sentence. In A.F.E. v. State, 853 So.2d 1091 (Fla. 1st DCA 2003), this court confronted a similar situation in the context of an Anders appeal. That is, the record demonstrated an unpreserved, but patent sentencing error. The A.F.E. panel agreed with the decision and analysis of the fifth district in Washington v. State, 814 So.2d 1187 (Fla. 5th DCA), review dismissed, 831 So.2d 675 (Fla.2002), and concluded the court was constrained to affirm, because the sentencing issue had not been preserved and is not cognizable on appeal. See A.F.E., 853 So.2d at 1095.
Accordingly, we affirm this cause without prejudice to appellant to seek appropriate post-conviction relief. See A.F.E., 853 So.2d at 1093; Washington, 814 So.2d at 1190.
ERVIN, BARFIELD and KAHN, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).