947 So.2d 1207 (2007)
Terry Lynn COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1332.
District Court of Appeal of Florida, First District.
January 26, 2007.
Nancy A. Daniels, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We affirm the appellant's judgment and sentence but remand for correction of a scrivener's error contained in the written judgment and sentence. See Williams v. State, 930 So.2d 851 (Fla. 2d DCA 2006) (remanding for correction of scrivener's error in the written sentence); Diaz v. State, 910 So.2d 894 (Fla. 1st DCA 2005) (remanding for correction of scrivener's error in the judgment). In case number 04-1798, the appellant pled guilty to the lesser included offense of arson of a structure, a second-degree felony. However, the judgment lists the offense as arson of a dwelling, a first-degree felony. Thus, the appellant's sentence must be corrected to specify that the appellant was convicted of second-degree arson in case number 04-1798. Because this is a ministerial act, appellant's presence is not required.
Furthermore, we note that the appellant was sentenced to fifteen years' imprisonment on a number of counts that are third-degree felonies. Although this is clearly an error, this Court is constrained to affirm because there was no contemporaneous objection and the appellant did not file a motion to correct illegal sentence. See Wilson v. State, 898 So.2d 191 (Fla. 1st DCA 2005).
Accordingly, we affirm the appellant's judgment and sentence without prejudice to the appellant to seek the appropriate post-conviction relief. We also remand for the correction of the scrivener's error in the judgment.
*1208 AFFIRMED and REMANDED with directions.
BARFIELD, VAN NORTWICK, and THOMAS, JJ., concur.