980 So.2d 622 (2008)
Daniel Joseph LEARY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-25.
District Court of Appeal of Florida, Fourth District.
May 7, 2008.
*623 Stephen P. Tourtelot of The Daley Law Office, P.A., Tallahassee, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Appellant, Daniel Leary, appeals his conviction and thirty-year sentence for aggravated battery with a firearm. We affirm the conviction and reverse the thirty-year sentence as illegal because it exceeds the statutory maximum for a second degree felony. Collazo v. State, 966 So.2d 429 (Fla. 4th DCA 2007).
Leary was charged by information with the second degree felony of aggravated battery with a firearm and/or resulting in great bodily harm under section 784.045, Florida Statutes (2002). The information further provided a violation of the "10-20-Life" statute for discharging the weapon. Fla. Stat. § 775.087(2)(a)1-3(2002).
Leary pleaded guilty and was sentenced to thirty years with twenty-five years mandatory minimum. Thereafter, Leary filed a motion to withdraw his plea. The motion was denied. We find no error in the trial court's ruling on the motion to withdraw the plea and affirm the judgment.
Appellant also filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court also denied that motion. Appellant was convicted and sentenced under the "10-20-Life" statute, requiring a twenty-five year mandatory minimum for discharging a firearm during the commission of the second degree felony, aggravated battery with a firearm resulting in great bodily injury. Fla. Stat. §§ 784.045(1)(a)1-2, 775.082(3)(c)(2002). The trial court sentenced him to thirty years with twenty-five years mandatory minimum although the maximum penalty for a second degree felony is fifteen years. Appellant argues, and we agree, that although the twenty-five year mandatory minimum is not illegal, the thirty-year sentence is illegal under our recent holding in Collazo v. State, 966 So.2d 429 (Fla. 4th DCA 2007). Accordingly, we reverse and remand for re-sentencing consisting with our holding in Collazo, supra.
Affirmed in Part, Reversed in Part, and Remanded.
SHAHOOD, C.J., and HAZOURI, J., concur.