PER CURIAM.
Mendenhall seeks review of the decision of the Fifth District Court of Appeal in Mendenhall v. State, 999 So.2d 665 (Fla. 5th DCA 2008), on the ground that it expressly and directly conflicts with the decisions of the Second District Court of Appeal in Sousa v. State, 976 So.2d 639 (Fla. 2d DCA 2008), and the First District Court of Appeal in Wilson v. State, 898 So.2d 191 (Fla. 1st DCA 2005).[1]
This case concerns section 775.087, Florida Statutes (2004) — commonly known as the “10-20-Life” statute — specifically section 775.087(2)(a)(3), which provides that defendants who discharge a firearm during the commission of certain enumerated crimes, including murder and attempted murder, and inflict death or great bodily harm as the result of the discharge shall be sentenced to a “minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.”[2] The issue before this Court is whether the mandatory minimum terms of twenty-five years to life provide the trial judge with discretion to impose a mandatory minimum of twenty-five years to life without regard to the statutory maximum for the crime contained in section 775.082, Florida Statutes (2004).
For the reasons explained below, we hold that the specific provisions of the 10-20-Life statute with regard to mandatory mínimums control over the general provisions of section 775.082 regarding statutory máximums. This reading of the statute avoids rendering part of the statute mere surplusage and effectuates the Legislature’s intent to punish those offenders who possess or use firearms to the fullest extent of the law. Thus, we conclude that the trial court has discretion under section 775.087(2)(a)(3) to impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum provided for in section 775.082.
Accordingly, we approve the Fifth District’s decision in Mendenhall v. State, 999 So.2d 665 (Fla. 5th DCA 2008), and disapprove the decisions of the Second District in Sousa v. State, 976 So.2d 639 (Fla. 2d DCA 2008), and the First District in Wilson v. State, 898 So.2d 191 (Fla. 1st DCA 2005). We also disapprove the decisions of the Fourth District Court of Appeal in Collazo v. State, 966 So.2d 429 (Fla. 4th DCA 2007), Thurston v. State, 984 So.2d *743 1290 (Fla. 4th DCA 2008), Leary v. State, 980 So.2d 622 (Fla. 4th DCA 2008), and Johnson v. State, 17 So.3d 847 (Fla. 4th DCA 2009), to the extent that those decisions hold that section 775.087(2)(a)(3) does not vest discretion in the trial judge to impose a mandatory minimum of twenty-five years to life without regard to the statutory maximum for the crime.[3]
FACTS
Charles Mendenhall was charged with attempted first-degree murder with a firearm. At the conclusion of trial, the jury found Mendenhall guilty of the lesser included offense of attempted second-degree murder with a firearm, a second-degree felony. § 782.04(2), Fla. Stat. (2004); § 777.04(4)(e), Fla. Stat (2004). The jury also found that during the commission of the offense, Mendenhall was in possession of a firearm, discharged a firearm, and inflicted serious bodily injury.
On March 2, 2007, the trial court entered a judgment in accordance with the jury’s verdict and sentenced Mendenhall under Florida’s 10-20-Life statute, imposing a sentence of thirty-five years’ imprisonment, with a thirty-five-year mandatory minimum. Mendenhall then filed a motion to correct sentencing error, asserting, inter alia, that his sentence was illegal because under the plain language of the 10-20-Life statute, the maximum sentence he could receive was thirty years with a twenty-five-year mandatory minimum. The trial court granted Mendenhall’s motion in part, concluding that it was required to reduce Mendenhall’s sentence to a term of thirty years’ imprisonment, with a twenty-five-year mandatory minimum.
A brief overview of the statutory scheme is helpful to provide context for the facts of this case. Because Mendenhall used a firearm during the commission of the offense, his conviction was reclassified from a second-degree felony to a first-degree felony under section 775.087(1), Florida Statutes (2004). The maximum sentence for a second-degree felony is fifteen years, and the maximum sentence for a first-degree felony is thirty years. § 775.082(3)(b)-(c), Fla. Stat. (2004). The 10-20-Life statute provides for mandatory minimum sentences for certain enumerated offenses, including attempted murder, where a defendant possesses a firearm (minimum term of imprisonment of either three years or ten years, depending on the offense), discharges a firearm (minimum term of imprisonment of twenty years), or discharges a firearm and as the result of the discharge, inflicted death or great bodily harm (“minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison”). § 775.087(2)(a)(l)-(3), Fla. Stat. (2004). Section 775.082(3)(b) — which is not part of the 10-20-Life statute — provides that a person convicted of a first-degree felony must be punished by “a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment.” § 775.082(3)(b), Fla. Stat. (2004).
Mendenhall appealed to the Fifth District Court of Appeal, asserting that “the jury did not make a finding that ‘death or great bodily harm was inflicted on any person.’” Mendenhall, 999 So.2d at 666. The Fifth District rejected this argument because the jury’s use of the term “serious *744 bodily injury” was synonymous with “great bodily harm.” Id. at 667. That issue is not before the Court in this case.
The State cross-appealed the reduction of the sentence, contending that the original sentence of thirty-five years’ imprisonment with a thirty-five-year mandatory minimum was legal and, accordingly, the trial court erred in granting the motion to correct sentence. Id. The Fifth District agreed with the State, holding that its “review of cases which have similar facts to those presented here [led it] to conclude that the trial court’s original sentence of 35 years’ imprisonment, with a 35-year mandatory minimum, was legal.” Id. at 667. The court outlined the pertinent parts of the 10-20-Life statute, emphasizing a portion of the first sentence of subsection (2)(c):
Pertinent parts of section 775.087 of the Florida Statutes provide as follows:
775.087. Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence
[[Image here]]
(2)(a) 1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for: a. Murder;
[[Image here]]
3. Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)l.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a “firearm” or “destructive device” as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall he sentenced to a minimum teim of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
[[Image here]]
(c) If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed. If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.
Id. at 667-68 (quoting §§ 775.087(2)(a)(l), (3), 775.087(2)(c), Fla. Stat. (2004)).
In arriving at its conclusion that the original thirty-five-year sentence and mandatory minimum were legal, the Fifth District noted that this Court affirmed a defendant’s life sentence under factual circumstances similar to those presented in the instant case in Sanders v. State, 944 So.2d 203 (Fla.2006). Mendenhall, 999 So.2d at 668. The Fifth District then stated:
Importantly, upon review, our Supreme Court affirmed the Second District’s opinion [in Sanders] regarding their analysis of the penalty for a lesser included offense and, in dicta, the Court made the following observation:
The maximum sentence for the core offense of attempted first-degree murder is thirty years, while the sentence for attempted second-degree murder without any enhancements is fifteen *745 years. However, with the application of the ten-twenty-life statute, the resulting maximum sentence for both attempted first- and second-degree murder while discharging a firearm and inflicting great bodily harm is the same — life.
Id. (quoting Sanders, 944 So.2d at 205).
Finally, the Fifth District found additional support in its earlier decision in Brown v. State, 983 So.2d 706 (Fla. 5th DCA 2008), in which it had “recognized that the imposition of a mandatory minimum sentence in excess of the maximum penalty was indeed permissible based upon special findings such as those found in this case.” Mendenhall, 999 So.2d at 669. The Fifth District affirmed the judgment, but reversed the sentence and remanded for reimposition of the original sentence of thirty-five years’ imprisonment with a thirty-five-year mandatory minimum. Id.
The Fifth District’s decision conflicts with the Second District’s decision in Sousa v. State, 976 So.2d 639 (Fla. 2d DCA 2008), and the First District’s decision in Wilson v. State, 898 So.2d 191 (Fla. 1st DCA 2005), both of which involved defendants convicted of attempted second-degree murder reclassified as a first-degree felony under the 10-20-Life statute.
The Second District in Sousa held that section 775.087(2)(a)(3) does not override the language in section 775.082(3)(b) that provides for a thirty-year sentence. 976 So.2d at 640. The Second District reasoned as follows:
Mr. Sousa ... was subject to section 775.087(2)(a)(3) of the 10/20/life statute, which required that he be sentenced “to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.” It could be argued that the language of this statute overrides the language in section 775.082(3)(b) that provides for a thirty-year sentence. The case law, however, interprets these statutes in favor of the defendant, so that the maximum term of years is thirty. See Yasin v. State, 896 So.2d 875 (Fla. 5th DCA 2005); Badia v. State, 770 So.2d 300 (Fla. 3d DCA 2000); see also Sanders v. State, 912 So.2d 1286, 1292 (Fla. 2d DCA 2005) (describing maximum penalty in appendix to opinion).
Id. at 640 (footnote omitted).
The First District in Wilson also held that the mandatory minimum term provided for in section 775.087(2)(a)(3) does not override the statutory maximum of thirty years in 775.082(3)(b). The court reasoned that “[ajppellant is subject to a mandatory minimum sentence of 25 years pursuant to section 775.087(2)(a)3, Florida Statutes (2003).... Notwithstanding the minimum mandatory term, the maximum sentence the trial court properly may impose is a sentence of 30 years.” 898 So.2d at 192-93.
ANALYSIS
The conflict issue before this Court is whether, under the 10-20-Life statute, specifically section 775.087(2)(a)(3), a trial court can sentence a defendant to a mandatory minimum sentence that exceeds the statutory maximum sentence provided for in section 775.082. More specifically, the issue in this case is whether the mandated “minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in' prison” under section 775.087(2)(a)(3) gives the trial court the discretion to impose a sentence anywhere within the range of twenty-five years to life, even if that sentence exceeds the statutory maximum of thirty years provided for under section 775.082(2)(c).
*746 Because the conflict issue involves the interpretation of the 10-20-Life statute, resolving this issue requires an analysis of the language of the statute to discern legislative intent. In analyzing this issue, we first set forth the applicable statutory provisions. We next analyze the language and stated purpose of the statute to determine whether the statute provides trial courts with the discretion to impose a mandatory minimum sentence anywhere in the range of twenty-five years to life under section 775.087(2)(a)(8), even if that sentence exceeds the statutory maximum provided for in section 775.082. We conclude that it does.
The 10-20-Life Statute
Section 775.087, Florida Statutes, commonly referred to as the 10-20-Life statute, provides for mandatory minimum sentences for offenders who possess or use a firearm in some manner during the commission of certain crimes. As explained by this Court, in enacting the 10-20-Life statute, the Legislature “has very clearly mandated that it is the policy of this State to deter the criminal use of firearms.” McDonald v. State, 957 So.2d 605, 611 (Fla.2007). “This mandate is underscored by the widespread promulgation of the 10-20-LIFE law beyond mere statutory notice, through television commercials, posters, and other forms of advertising.” Id.
To that end, the statute requires the imposition of a mandatory minimum sentence where a firearm is possessed or used during the commission of certain enumerated crimes, including murder and attempted murder. § 775.087(2)(a)(l)(a), Fla. Stat. (2004). The mandatory minimum sentences differ depending on whether the defendant possessed the firearm, discharged the firearm, or discharged the firearm and inflicted death or great bodily harm. If the defendant possessed a firearm during the commission of an enumerated offense, he or she “shall be sentenced to a minimum term of imprisonment of 10 years” unless the enumerated offense is aggravated assault, possession of a firearm by a felon, or burglary of a conveyance; if so, the defendant “shall be sentenced to a minimum term of imprisonment of 3 years.” § 775.087(2)(a)(l), Fla. Stat. If the defendant discharged a firearm during the commission of an enumerated offense, he or she “shall be sentenced to a minimum term of imprisonment of 20 years.” § 775.087(2)(a)(2), Fla. Stat. The statutory provision at issue in this case involves the situation where the defendant discharged a firearm that resulted in death or great bodily harm, and provides:
Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)l.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a “firearm” or “destructive device” as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
§ 775.087(2)(a)(8), Fla. Stat. (emphasis added).[4]
*747 Subsection (2)(b) provides that the mandatory minimum sentences in subsections (2)(a)(l), (2)(a)(2), and (2)(a)(3) do not prevent a court from imposing a longer sentence as authorized by law in addition to the mandatory minimum sentence and that the defendant is not eligible for early release or gain time prior to serving the minimum sentence:
Subparagraph (a)l., subparagraph (a)2., or subparagraph (a)3. does not prevent a court from imposing a longer sentence of incarceration as authorized by law in addition to the minimum mandatory sentence, or from imposing a sentence of death pursuant to other applicable law. Subparagraph (a)l., subparagraph (a)2., or subparagraph (a)3. does not authorize a court to impose a lesser sentence than otherwise required by law.
Notwithstanding s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, and the defendant is not eligible for statutory gain-time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency, or conditional medical release under s. 947.149, prior to serving the minimum sentence.
§ 775.087(2)(b), Fla. Stat.
Subsection (2)(c) addresses the situation where the minimum terms of imprisonment mandated in subsection (2) either exceed or are less than the sentences that could be imposed under section 775.082, section 775.084, Florida Statutes (2004), or the Criminal Punishment Code in chapter 921, Florida Statutes (2004):
If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed. If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.
§ 775.087(2)(c), Fla. Stat.
Subsection (2)(d) clearly states that it is the intent of the Legislature to punish those offenders who possess or use firearms to the fullest extent of the law:
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
§ 775.087(2)(d), Fla. Stat.
Interpretation of the 10-20-Life Statute
Questions of statutory interpretation are subject to de novo review. Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 194 (Fla.2007). “A court’s purpose in construing a statute is to give effect to legislative intent, which is the polestar that guides the court in statutory construction.” Larimore v. State, 2 So.3d 101, 106 (Fla.2008). “As with any case of statutory construction, [the Court must begin] with the ‘actual language used in the statute.’ ” *748 Heart of Adaptions, Inc., 963 So.2d at 198 (quoting Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006)). “This is because legislative intent is determined primarily from the statute’s text.” Id. This Court has explained:
[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning ... the statute must be given its plain and obvious meaning. Further, we are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. A related principle is that when a court interprets a statute, it must give full effect to all statutory provisions. Courts should avoid readings that would render part of a statute meaningless.
Velez v. Miami-Dade Cnty. Police Dep’t, 934 So.2d 1162, 1164-65 (Fla.2006) (quotation marks and citations omitted).
Section 775.082(3)(b), which is in the general sentencing statute, provides the maximum sentence for a first-degree felony: “For a felony of the first degree, by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment.” However, section 775.087(2)(a)(3) clearly states: “[T]he convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.” Section 775.087(2)(c) makes reference to section 775.082 and states that the mandatory minimum, when it exceeds the statutory maximum, must be imposed.
In resolving any perceived conflict between the statutory maximum in the general sentencing statute and the mandatory minimum range of twenty-five years to life, we conclude that the specific provisions of section 775.087(2)(a)(3) prevail over the general provisions of the 775.082 regarding statutory máximums. We have previously stated:
[I]t is a well settled rule of statutory construction ... that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. In this situation “the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any.”
McDonald, 957 So.2d at 610 (quoting Adams v. Culver, 111 So.2d 665, 667 (Fla.1959)). Under this principle of statutory construction, section 775.087(2)(a)(3), which specifically addresses a situation where a defendant, in the course of certain enumerated felonies, discharges a firearm and, as a result of the discharge, death or great bodily harm is inflicted upon any person, prevails over section 775.082(3)(b), which is a general sentencing statute and provides the sentences for all first-degree felonies. Section 775.082 covers sentencing for all crimes, including those involving the use of a firearm. The 10-20-Life statute, on the other hand, addresses the mandatory minimum sentences for enumerated crimes involving the use or possession of a firearm.
The application of this statutory construction principle here is analogous to our analysis in McDonald, 957 So.2d at 610-11, wherein we held that the specific provisions of the 10-20-Life statute control over the more general provisions of the Prison Releasee Reoffender (PRR) statute:
The PRR statute is part of the general sentencing provision of chapter 775. It provides the mandatory minimum sentence for anyone deemed a prior releas-ee reoffender within the general sen- *749 fencing scheme. See § 775.082, Fla. Stat. (2000). In other words, the PRR statute covers sentencing for all crimes, including those involving the use of a firearm. On the other hand, the 10-20-LIFE statute addresses the mandatory minimum sentence for the use or possession of a firearm in some manner during the commission of a specified crime. See § 775.087(2)(c). Accordingly, the Fourth District properly concluded that the more specific provisions contained in the 10-20-LIFE statute should control over the more general provisions of the PRR statute....
Our reading of the statute is further supported by the application of the “elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage.” Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Sch., Inc., 3 So.3d 1220, 1233 (Fla.2009) (quoting Gulfstream Park Racing Ass’n v. Tampa Bay Downs, Inc., 948 So.2d 599, 606 (Fla.2006)). To adopt Mendenhall’s interpretation of the statute would render the phrase “and not more than a term of imprisonment of life in prison” meaningless and mere surplusage. We reject this interpretation and adopt the reasoning of Judge Farmer’s dissent in Collazo v. State, 966 So.2d 429, 433 (Fla. 4th DCA 2007):
In subsection (a)3 the words not less than 25 years mean that more than 25 years is possible. But the majority limits the mandatory part to not more than 25 years, making the words not less than 25 years and not more than life superfluous.
The majority seem to read into the provision a punctuation mark after the words 25 years. There is no mark at that point; the clause presses on without any break. Then the words not less than 25 years are followed immediately by the conjunction and which is not preceded by a comma, semi-colon or period. If there had been some such punctuation, one might conceivably read the sentence as containing two separate thoughts: (1) a mandatory period of 25 years; (2) discretion to make the total sentence life. As actually written and punctuated, however, the plain meaning is to conjoin not less than 25 years with the words not more than a term of life into a single thought. As thus written, the mandatory period can be anything from life down to 25 years.
Finally, this reading of the statute not only recognizes that specific statutes control over general statutes and that words in a statute should not be rendered meaningless, but also effectuates the Legislature’s clearly stated and unambiguous intent to punish offenders who possess or use firearms “to the fullest extent of the law.” § 775.087(2)(d), Fla. Stat. (2004). The Legislature, in enacting the 10-20-Life statute, “very clearly mandated that it is the policy of this State to deter the criminal use of firearms.” McDonald, 957 So.2d at 611. This policy is underscored by the statement of legislative intent contained in the act enacting section 775.087(2)(a)(3):
WHEREAS, Florida ranks among the most violent states in the nation, and
WHEREAS, in 1975 the Florida Legislature enacted legislation requiring a minimum mandatory sentence of three years in prison for possessing a gun during the commission or attempted commission of a violent felony, and
WHEREAS, the Legislature enacted this mandatory penalty in order to protect citizens from criminals who are known to use guns during the commission of violent crimes, and
*750 WHEREAS, the FBI reports that among persons identified in the felonious killings of law enforcement officers in 1997, 71% had prior criminal convictions, and one of every four were on probation or parole for other crimes when they killed the officers, and
WHEREAS, criminals who use guns during the commission of violent crimes pose an increased danger to the lives, health, and safety of Florida’s citizens and to Florida’s law enforcement officers who daily put their lives on the line to protect citizens from violent criminals, and
WHEREAS, the Legislature intends to hold criminals more accountable for their crimes, and intends for criminals who use guns to commit violent crimes to receive greater criminal penalties than they do today, and
WHEREAS, the Legislature intends that when law enforcement officers put themselves in harm’s way to apprehend and arrest these gun-wielding criminals who terrorize the streets and neighborhoods of Florida, that these criminals be sentenced to longer mandatory prison terms than provided in current law, so that these offenders cannot again endanger law enforcement officers and the public, and
WHEREAS, there is a critical need for effective criminal justice measures that will ensure that violent criminals are sentenced to prison terms that will effectively incapacitate the offender, prevent future crimes, and reduce violent crime rates, and
WHEREAS, it is the intent of the Legislature that criminals who use guns to commit violent crimes be vigorously prosecuted and that the state demand that minimum mandatory terms of imprisonment be imposed pursuant to this act, NOW, THEREFORE,
Be It Enacted by the Legislature of the State of Florida....
Ch. 99-12, at 537, Laws of Fla. Because the Legislature clearly intended that those “who use guns to commit violent crimes be vigorously prosecuted and that the state demand that minimum mandatory terms of imprisonment be imposed pursuant to this act,” id., we conclude that the Legislature intended for trial courts to have discretion to impose a mandatory minimum under section 775.087(2)(a)(3) in the range of “a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.” § 775.087(2)(a)(3), Fla. Stat. (2004).
Mendenhall contends that the statute is ambiguous and that this Court should apply the rule of lenity. There is certainly nothing ambiguous about the statute’s language that “the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.” § 775.087(2)(a)(3), Fla. Stat. Regardless, we have previously recognized “that the rule of lenity is a canon of last resort.” Kasischke v. State, 991 So.2d 803, 814 (Fla.2008).
We thus conclude that under section 775.087(2)(a)(3), the trial court has discretion to impose a mandatory minimum within the range of twenty-five years to life. Consequently, we conclude that Menden-hall was properly sentenced to thirty-five years with a thirty-five-year mandatory minimum, notwithstanding the statutory maximum of thirty years contained in section 775.082 for Mendenhall’s offense.
CONCLUSION
For the foregoing reasons, we approve the Fifth District’s decision in Mendenhall v. State, 999 So.2d 665 (Fla. 5th DCA 2008), and disapprove the decisions of the Second District in Sousa v. State, 976 *751 So.2d 639 (Fla. 2d DCA 2008), and the First District in Wilson v. State, 898 So.2d 191 (Fla. 1st DCA 2005). We also disapprove the decisions of the Fourth District in Collazo v. State, 966 So.2d 429 (Fla. 4th DCA 2007), Thurston v. State, 984 So.2d 1290 (Fla. 4th DCA 2008), Leary v. State, 980 So.2d 622 (Fla. 4th DCA 2008), and Johnson v. State, 17 So.3d 847 (Fla. 4th DCA 2009), to the extent that those decisions hold that section 775.087(2)(a)(3) does not vest discretion in the trial judge to impose a mandatory minimum of twenty-five years to life without regard to the statutory maximum for the crime.
It is so ordered.
CANADY, C.J., and LEWIS, POLSTON, and LABARGA, JJ., concur.
PARIENTE, J., dissents with an opinion, in which QUINCE and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

. The 2004 version of the 10-20-Life statute is identical to the current 2009 version of the statute.

. The Fifth District certified conflict with Col-lazo, Johnson, Thurston, and Leary in a case concerning the same issue as this case, which is pending review in this Court. See Booth v. State, 18 So.3d 1142 (Fla. 5th DCA 2009) (pending currently in this Court as Case No. SC09-1832).

. Section 775.087(2)(a)(3) was added to the statute in 1999, when the Legislature increased the minimum sentence from three years for all crimes where the defendant possessed a firearm to ten years for possession of a firearm, twenty years for discharging a firearm, and "not less than 25 years and not more than a term of imprisonment of life in prison” for crimes in which the defendant discharged a firearm and the discharge resulted in death or great bodily harm. See ch. 99-12, § 1, Laws of Fla. The Legislature also *747 added the statement of intent contained in section 775.087(2)(d). See id.