DAVIS, Judge.
 

 Deandre T. Woodruff, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), contends that appellate counsel was ineffective in failing to challenge the sentence the trial court imposed for his conviction of
 
 one count of
 
 third-degree murder.
 
 [1]
 
 He alleges that because his trial counsel failed to preserve the issue, his appellate counsel was ineffective for failing to file a motion to correct the sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Although we agree that his appellate counsel’s performance was deficient at the time of the appeal, under current ease law Woodruff is not entitled to relief and we must deny his petition.
 

 Woodruffs conviction resulted from the jury finding that he discharged a firearm resulting in the death of the victim. The third-degree murder charge is a second-degree felony for which the statutory maximum penalty is fifteen years.
 
 See
 
 §§ 777.04(4)(c), 775.082(3)(c), Fla. Stat. (2005). However, the trial court sentenced Woodruff to thirty-five years’ prison to be followed by fifteen years’ probation based on its application of section 775.087(2)(a)(3) of the 10-20-Life statute. That portion of the statute provides that if a person is convicted of discharging a firearm resulting in death, “the convicted person shall be sentenced to a minimum term of imprisonment of not less than [twenty-five] years and not more than a term of imprisonment of life in prison.”
 

 Woodruff, however, argues that prior to the time of his appeal, this court had construed section 775.087(2)(a)(3) to limit his sentence to twenty-five years because the statutory maximum for his offense was less than the bottom of the 10-20-Life sentencing range.
 
 See Sousa v. State,
 
 976 So.2d 639, 640 (Fla. 2d DCA 2008) (stating that the statutes setting statutory máxi-mums should be construed together with the minimum mandatory sentence set by the 10-20-Life statute in the light most favorable to the defendant),
 
 disapproved, Mendenhall v. State,
 
 48 So.3d 740, (Fla. Oct. 28, 2010). Because Woodruff faced a statutory maximum of fifteen years and a minimum mandatory under the 10-20-Life statute of twenty-five years,
 
 Soma
 
 indicated that Woodruff could be sentenced to no more than twenty-five years. Accordingly, Woodruff argues that if his appellate counsel had filed the rule 3.800(b) motion to correct sentence, either the sentencing court would have resentenced him pursuant to
 
 Sousa
 
 or this court would have granted him a new sentence on direct appeal.
 

 “[T]his court must apply the law in effect at the time of the appeal to determine whether counsel’s performance was
 
 *571
 
 deficient....”
 
 Brown v. State,
 
 25 So.3d 78, 80 (Fla. 2d DCA 2009). Because
 
 Sousa
 
 was the law in effect at the time of his appeal, we conclude that Woodruffs appellate counsel’s performance was deficient when he failed to file a rule 3.800(b)(2) motion based on
 
 Sousa.
 
 However, “we must apply the current law to determine whether [the petitioner] is entitled to relief on the issue raised.”
 
 Brown,
 
 25 So.3d at 80. Since the conclusion of Woodruffs direct appeal, the Florida Supreme Court has disapproved this court’s opinion in
 
 Sousa
 
 and held “that the specific provisions of the 10-20-Life statute with regard to mandatory mínimums control over the general provisions of section 775.082 regarding statutory máximums.”
 
 Mendenhall,
 
 48 So.3d 740 at 752. Had Woodruffs appellate counsel properly litigated this issue, Woodruff would have been resen-tenced based on
 
 Sousa
 
 prior to the issuance of
 
 Mendenhall.
 
 However, under the current case law, he is no longer entitled to relief.
 

 We therefore deny the petition alleging ineffective assistance of appellate counsel. In so doing, we certify the following question to be one of great public importance:
 

 WHEN A PETITIONER CLEARLY ALLEGES DEFICIENT PERFORMANCE ON THE PART OF APPELLATE COUNSEL BASED ON CASE LAW IN EFFECT AT THE TIME OF THE APPEAL THAT WOULD HAVE RESULTED IN RELIEF HAD APPELLATE COUNSEL RAISED THE ISSUE ON APPEAL BUT THE CASE LAW UPON WHICH THE PETITIONER BASES THE CLAIM IS SUBSEQUENTLY DISAPPROVED, IS THE PETITIONER STILL PREJUDICED BY APPELLATE COUNSEL’S DEFICIENT PERFORMANCE AND THUS ENTITLED TO RELIEF THROUGH A PETITION ALLEGING INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL?
 

 Petition denied; question certified.
 

 KELLY and LaROSE, JJ., Concur.
 

 [1]
 

 . Woodruff also was convicted of shooting at, within, or into a building; however, the sentence for that conviction is not challenged within this petition.