PER CURIAM.
A jury convicted the appellant of attempted second-degree murder and the court imposed a life sentence with 25 years’ minimum mandatory pursuant to the 10-20-Life statute, section 775.087(2)(a)S., Florida Statutes. In this postconviction motion the appellant argues that before his sentence can be enhanced, the jury must make a finding that he discharged a firearm causing great bodily harm. He argues that his sentence enhancement appears to be illegal because the jury did not make this express finding. See § 775.087(2)(a)3., Florida Statutes; Mendenhall v. State, 48 So.3d 740 (Fla. 2010) (“The 10-20-Life statute provides for mandatory minimum sentences for certain enumerated offenses, including attempted murder, where a defendant ... discharges a firearm and as the result of the discharge, inflicted death or great bodily harm[.] ... Mendenhall ... assertfed] that ‘the jury did not make a finding that ‘death or great bodily harm was inflicted on any person.’ ”). The trial court dismissed the claim as facially insufficient and did not attach any portion of the record refuting the appellant’s claim. We conclude the appellant’s claim is facially sufficient and consequently we reverse and remand for the trial court to either attach portions of the record which refute the appellant’s claim that the jury did not make a finding that he discharged a firearm causing great bodily harm, or to provide relief to the appellant by resentencing him without the sentence enhancement.
REVERSED AND REMANDED.
PADOVANO, ROWE, and MARSTILLER, JJ., concur.