PER CURIAM.
In this construction defect case, we interpret the statute of repose to determine if the statute commences to run when construction is completed or when- the contract is completed, which, in this case, was the date on which payment was made. Relying on the language of the preamble to the statute, the trial court concluded that the former was the correct interpretation. As a result, it dismissed the action as untimely under the statute. We conclude that the correct interpretation of the statute is discerned from its unambiguous text, rather than the preamble. Accordingly, we hold that the statute of repose commenced to run when the contract was completed, and we reverse the judgment.
Appellant, Cypress Fairway Condominium Association, Inc., consists of condominium owners in the Cypress Fairway condominium complex. Appellant, individually, and as assignee of the claims of the general contractor, filed suit against various defendants who had been involved in the original construction of the condominium buildings and/or the subsequent conversion of the buildings from apartments to condominiums. Appellant claimed construction defects had resulted in $15 million in repair damages. Appellee, Da Pau Enterprises, Inc., is the only remaining Appellee after other parties apparently reached settlements. Appellee moved to dismiss or for summary judgment, primarily arguing that the statute of repose barred the suit because Appellant’s claims were filed outside the ten-year statute of repose period.
Pursuant to section 95.11(3)(c), Florida Statutes (2010), an action founded on the design, planning, or construction of an improvement to real property must be commenced within ten years after the latest of four specified events. At issue here is the meaning of the fourth option — the date of “completion ... of the contract.” Appellee argues that the contract was completed on January 31, 2001, the date on which the Final Application for Payment was made. Accordingly, it contends that the statute of repose period commenced to run on that date. Contrarily, Appellant contends that the contract was not completed and that the statute of repose period did not commence to run until February 2, 2001, when final payment was made. This three-day *708 difference is critical here because the claims against Appellee were not filed until February 2, 2011; hence, the claims were timely if the repose period commenced on February 2, 2001, or later, but were untimely if the repose period commenced at an earlier date. The trial court accepted Appellee’s argument, concluding that it was “convinced that the Legislature intended that the date of completion of the contract had to do with the date of completion of the construction that would have been done under the contract, not the date of final payment.” It relied on the language of the statute’s preamble to reach this conclusion.
We conclude that the trial court erred in using the preamble to discern intent here because section 95.11(3)(c) is clear and unambiguous. See Price v. Forrest, 173 U.S. 410, 427, 19 S.Ct. 434, 43 L.Ed. 749 (1899) (court should not rely on preamble to contradict unambiguous words of statute); see also R.T.G. Furniture Corp. v. Coates, 93 So.3d 1151, 1153 (Fla. 4th DCA 2012) (“When the language at issue is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction. Rather, the court must give unambiguous language its plain and ordinary meaning, unless it leads to a result that is either unreasonable or clearly contrary to legislative intent.” (citations omitted)). Completion of the contract means completion of performance by both sides of the contract, not merely performance by the contractor. Had the legislature intended the statute to run from the time the contractor completed performance, it could have simply so stated. It is not our function to alter plain and unambiguous language under the guise of interpreting a statute.
Allan & Conrad, Inc. v. University of Central Florida, 961 So.2d 1083 (Fla. 5th DCA 2007), relied upon by Appellee, does not support a contrary conclusion. There, the question presented was whether the statute commenced to run on the date the architect completed its contract or the latest date any entity listed in the statute completed its contract. This court was not asked to determine whether “date of completion” refers to the date of completion of construction or the date of completion of the contract, as it is here.
Accordingly, we conclude that the statute of repose commenced to run on the date of completion of the contract, which, in this case, was the date on which final payment was made under the terms of the contract.
REVERSED AND REMANDED.
TORPY, C.J., PALMER, J. and JACOBUS, B.W., Senior Judge, concur.