BERGER, J.,
dissenting.
I disagree with the majority view that section 95.11(3)(c), Florida Statutes, bars recovery in this case. In. my view, the clear and unambiguous language of section 95.11(3)(c) precludes an unlicensed contractor from invoking the benefit of. the limitations period set forth in that section. Accordingly, I dissent.
Section 95.11(3)(c) provides a four year statute of limitations period for:
An action founded on,the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence.
§ 95.11(3)(c), Fla. Stat. (emphasis added). The statute further provides:
In any event, the action must be commenced within 10 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.
Id. (emphasis added).
When interpreting a statute, courts must begin with the “actual language used in the statute.” Mendenhall v. State, 48 So.3d 740, 747 (Fla.2010) (quoting Heart of Adoptions, Inc. v. J.A., 963 So,2d 189, 198 (Fla.2007)) (citations and internal quotations omitted). “This is because legislative intent is determined primarily from the statute’s text.” Id. at 748 (citations omitted). As the Florida Supreme Court has explained:
*297 [W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning ... the statute must be given its plain and obvious meaning. Further, we are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. A related principle is that when a court interprets a statute, it must give full effect to all statutory provisions. Courts should avoid readings that would render part of a statute meaningless.
Id. (quoting Velez v. Miami-Dade Cty. Police Dep’t, 934 So.2d 1162, 1164-65 (Fla.2006)).
The language of section 95.11(3)(c) is clear and unambiguous and twice references “licensed contractor[s].” In my view, the inclusion of the term “licensed” indicates that the Legislature intended for section 95.11(3)(c) to apply only to actions “founded on the design, planning, or construction of an improvement to real property” if that design, planning or construction was performed by a licensed contractor. See Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996) (“Under the principle of statutory construction, expressio unius est ex-clusio alterius, the mention of one thing implies the exclusion of another.” (citing Bergh v. Stephens, 175 So.2d 787 (Fla. 1st DCA 1965))). Therefore, because the Legislature limited section 95.11(3)(c) to licensed contractors, construction performed by unlicensed contractors would be excluded from the four-year limitations period.
Here, the Brocks purchased windows from Garner and entered into a contract with Garner to install the windows in their home. Garner then hired Dixon to do the actual work. Because Garner was, by another, altering or improving real estate, the trial court correctly concluded Garner qualified as a contractor. See § 489.105(3), Fla. Stat. However, the trial court’s, reliance on Suntrust Banks of Florida, Inc. v. Don Wood, Inc., 693 So.2d 99 (Fla. 5th DCA 1997), to conclude, based on the statute’s preamble, that Garner was entitled to the protection provided by the limitations period set forth in section 95.11(3)(c) was wrong. See Cypress Fairway Condo. v. Bergeron Constr. Co., 164 So.3d 706, 708 (Fla. 5th DCA 2015) (concluding trial court erred in using preamble to discern legislative intent where section 95.11(3)(c) is clear and unambiguous) (citing Price v. Forrest, 173 U.S. 410,19 S.Ct. 434, 43 L.Ed. 749 (1899)). Because a license was required to perform the work, see Dep’t of Bus. & Prof'l Reg. v. Moyer, 2011 WL 6394878, Case No.2009-044455 (DOAH Oct. 12, 2011) (finding that respondent, who contracted with property owner in 2008 to install windows to residence, acted as general contractor without required license), and neither Garner nor Dixon were licensed, the four-year limitations period does not apply to this case.
In my view, section 95.11(3)(c) only applies to actions involving licensed contractors. To hold otherwise would render the statute’s reference to “licensed contractor[s]” meaningless. Accordingly, I conclude the lower court erred in granting summary judgment in favor of Garner based on section 95.11(3)(c).[2]

. Section 95.1 l(2)(b) controls the outcome of this case. However, because Garner did not *298 timely file a motion for summary judgment based on this section, the trial court did not consider whether the action was time barred by the five year limitations period provided by it. I write only to address my disagreement with the Brocks’ argument that Earth Trades, Inc. v. T. & G Corp., 108 So.3d 580 (Fla.2013), precludes Garner from raising section 95.1 l(2)(b) as a defense to the action. I agree with the majority that nothing in section 489.128, Florida Statutes, or Earth Trades, Inc., would preclude an unlicensed contractor from asserting a statute of limitations defense.